JOSEPHINE M. CHANNEL, Admx.

*v.*

LOUIS W. MERRIFIELD.

*Opinion filed December 16, 1903.*

1. LANDLORD AND TENANT—*provision for thirty days' notice in lease construed.* Under a lease providing that if the lessor failed to furnish sufficient water power to operate the machinery the lessee might terminate the lease upon thirty days' notice, if the lessor fails to furnish such power within thirty days after the notice the lessee has a reasonable time within which to remove his effects.

2. SAME—*when word "forfeited," in lease, does not have its legal significance.* The word "forfeited," used in a lease in specifying the conditions under which the lessee may declare the lease "forfeited, terminated and at an end," does not mean a legal forfeiture, such as calls for strict construction of the provision, since forfeiture for breach of conditions is the province of lessor and not of lessee.

3. SAME—*removing property and delivering key is sufficient surrender.* The removal of all the lessee's effects from the leased premises and the delivery of the key to the lessor after the giving of the notice required by the lease to terminate the same is a sufficient surrender.

4. JUDGMENTS AND DECREES—*when amendment of judgment after term is proper.* Under the Statute of Amendments and Jeofails it is not error for the court, after the term, to amend the record of the entry of a judgment for costs by striking out the words "and that execution issue therefor" and inserting in lieu thereof the words "to be paid in due course of administration."

*Channel* v. *Merrifield*, 106 Ill. App. 243, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. S. C. STOUGH, Judge, presiding.

BUTTERS & CARR, for appellant.

J. R. BURROWS, and C. E. WOODWARD, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an action of assumpsit, brought by Josephine M. Channel, as administratrix of the estate of John W. Channel, deceased, in the circuit court of LaSalle county, against Louis W. Merrifield.

The declaration consists of counts for goods sold and delivered, etc., and a special count setting out in full a written lease between Louis W. Merrifield and John W. Channel, which, in part, is as follows:

"This indenture, made this 13th day of February, 1899, between L. W. Merrifield, party of the first part, and John W. Channel, party of the second part, witnesseth: That the party of the first part, in consideration of the covenants of the party of the second part, hereinafter set forth, do by these presents lease　＊　＊　＊　and the party of the first part does also hereby, by these presents, lease to the party of the second part, water power equivalent to thirty-four horse power; also such further additional water power as may be sufficient to run and operate the machinery now on said property; but it is herein expressly provided that in case said party of the first part shall be unable to furnish such further additional water power, in excess of said thirty-four horse power, as may be sufficient to run and operate said machinery, then, in that case, said second party shall have the right and option, upon serving said first party with a thirty days' notice in writing, to declare this lease forfeited, terminated and at an end, and the party of the first part shall then, in such case, be obligated to pay to

the party of the second part, in lieu of all damages by reason of such forfeiture, as aforesaid, such part or portion, if any, of the amount of said $1000 rent paid in advance as shall be unearned at the time of such forfeiture; * * * and the first party reserves the right to substitute any other kind of power in lieu of water power, if he sees fit, without additional cost to the party of the second part. To have and to hold the same to the party of the second part from the 13th day of February, 1899, to the 13th day of February, 1904. And the party of the second part, in consideration of the leasing the premises as above set forth," agrees to pay to the party of the first part the sum of $1800, payable $1000 in cash, being in full of the first three years of the lease, and the balance in twenty-four equal payments, etc.

The plea of general issue, with notice of set-off, etc., was filed. The cause came to a hearing, and at the conclusion of the plaintiff's testimony the trial judge directed the jury to render a verdict in favor of the defendant. Judgment was rendered upon the verdict for costs. An appeal was prayed and allowed to the Appellate Court and the judgment affirmed, and upon a certificate of importance by that court an appeal is prosecuted to this court.

The legal question arises from the giving of the instruction by the court directing a verdict for the defendant. The record discloses that upon the trial of the cause it was proven the premises leased contained a tile and brick factory operated solely by water power, and that the same was useless without sufficient water power or some other power with which to run and operate the machinery, and that for a considerable length of time the water power had been wholly insufficient for the running of the machinery, and a thirty days' notice was given by appellant, as provided for in the lease, which was, in substance, that inasmuch as appellee failed, on his part, to furnish a sufficient quantity of water to op-

erate the machinery, appellant had decided to forfeit the lease and to declare the same terminated and at an end, and demanded, at the expiration of thirty days from the date, to cancel said lease, and demanded the damages provided for by the said lease. The notice was dated May 25, 1901. The evidence discloses there was no effort on the part of appellee to furnish the power necessary to run the machinery, and during the first part of July appellant began moving her property from the premises preparatory to abandoning them, and as there was considerable tile and brick, it necessarily took some time to get them all removed, but she had her property all removed by July 30, 1901.

Appellee contends that appellant waived her rights under the notice by not abandoning the premises within thirty days; that the notice was a forfeiture, and she thereby waived her forfeiture, and he argues that the rule "that forfeiture clauses are not favored in either law or equity, and their effect will be limited by a strict construction," applies in this case. We are unable to perceive how this rule could apply here. The tenant gave notice to the lessor that inasmuch as the lessor was not furnishing the necessary power, as provided in the lease, she had decided, at the expiration of thirty days, to terminate the contract and declare the same forfeited, and demanded the damages provided for in the lease. Under our construction of the lease the thirty days' notice meant that after the notice was given appellee had thirty days within which to comply with the terms of the lease in furnishing sufficient power to run the machinery, and if he neglected or refused to comply with the request, appellant would then have a reasonable time within which to remove her effects from the premises. The main purpose of this clause in the lease was to confine or limit the amount of damages appellant could recover in an action for the breach of covenant of the lease. The word "forfeiture," as used in the lease

and notice, has no significance. The whole expression of which it is a part simply means to "terminate" or "end" the lease as provided, as it is not in the province of a tenant to compel a forfeiture by a landlord. Provisions for forfeitures of leases for breach of covenants or conditions are construed as voidable only at the option of the lessor. (18 Am. & Eng. Ency. of Law,—2d ed.—380-382.) All of the cases cited by appellee are where the tenant has done some act whereby the lessor decided to terminate the tenancy and declare a forfeiture and the lessor afterwards did some act whereby he waived the forfeiture, and are therefore not in point.

It is also insisted there was no surrender of the lease. The evidence shows that appellant moved all her property from the premises and delivered the key to appellee, and we think there is sufficient evidence tending to show a surrender.

It is also insisted by appellant that there was error in the trial court permitting appellee, on motion and notice, to amend the record of the entry of judgment after the term had closed and after the case was in the Appellate Court, by striking out the words "and that execution issue therefor," and inserting in lieu thereof, "to be paid in due course of administration," and on suggestion of diminution of record appellee was granted leave to file, and filed in the Appellate Court, an amended record showing the amendment. But we think there was no error in this, as "the Statute of Amendments and Jeofails authorizes the court, at a subsequent term, to rectify any defect or imperfection, in matter of form, contained in the record, pleadings, process, entries, returns or other proceedings in the cause in affirmance of the judgment, so that the judgment shall not be reversed or annulled." *Tosetti Brewing Co.* v. *Koehler*, 200 Ill. 369.

Other errors are argued, but inasmuch as the cause will have to be reversed and remanded we do not deem it necessary to pass upon them.

We are of the opinion that the evidence tended to prove the cause of action as set forth in the declaration, and that it was error for the court to direct a verdict for the defendant. The judgments of the circuit court of LaSalle county and Appellate Court are reversed, and the cause is remanded to the circuit court of LaSalle county for further proceedings.

*Reversed and remanded.*