THE ILLINOIS SOUTHERN RAILWAY COMPANY

*v.*

WILLIAM HAYER.

*Opinion filed February 21, 1907.*

1. TRIAL—*when motion to direct a verdict is necessary.* A motion, at the close of all the evidence, to direct a verdict for the defendant is necessary in a suit at law in order to preserve for review, on appeal, the question whether there is any evidence fairly tending to sustain a judgment for the plaintiff.

2. EVIDENCE—*photographs of scene of accident are competent though they do not cover every view.* Photographs of the highway and railroad at the crossing where the accident resulting in the plaintiff's injury occurred are admissible, even though they do not cover every possible view which might be had thereof, and show only the steep approaches to the crossing and not the level surface of the road at the crossing.

3. SAME—*opinion of witness that condition of crossing was reasonably necessary is a conclusion.* A railroad company may prove the facts which it regards as rendering the condition at a particular crossing reasonably necessary for the improvement of its road, but it cannot prove by its roadmaster the conclusion that such was the case and that the usefulness of the highway was not necessarily impaired.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Randolph county; the Hon. CHARLES T. MOORE, Judge, presiding.

WILLIAM SCHUWERK, and R. J. GODDARD, (E. C. RITSHER, and W. T. ABBOTT, of counsel,) for appellant.

H. Clay Horner, for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court in favor of appellee (plaintiff below) for $2625. The suit was brought by appellee to recover for personal injuries claimed to have been sustained by him by reason of being thrown from his wagon while approaching appellant's track along a public highway for the purpose of passing over said railroad track at its crossing with the public highway. A demurrer was sustained to the first count of the declaration and plea of not guilty filed to the second, third and fourth counts. The second count charged a failure of appellant's servants to ring a bell or sound a whistle as the train approached the crossing, in consequence of which the locomotive and train were run so rapidly and suddenly near to and upon appellee's wagon drawn by horses on the public highway at the crossing, that said horses, in spite of his efforts to control them, turned wildly around and backward, thereby cramping and overturning the wagon and throwing appellee to the ground and injuring him. The third count charged the failure of appellant to construct and maintain its crossing and approaches thereto so that they would at all times be safe as to persons and property; and the fourth count charged appellant with failing to restore the highway at the public crossing to its former state, or to construct and maintain it in such manner as not unnecessarily to have impaired its usefulness, in accordance with the requirements of the statute.

We quote from the Appellate Court opinion a statement of the material facts, as shown by the evidence:

"The crossing where the injury occurred is about a mile from Sparta, and the highway in that locality runs east and west, crossing the railroad, which runs somewhat north-east and south-west, at a sharp angle, so that a person approaching the crossing from the west in the middle of the highway

would be only about twenty feet from the railroad track when he was one hundred feet from the point where the traveled track crossed the highway.  A few feet west of the center of the crossing there is another road, leading north from and at right angles to the highway, known as the Boyd road.  From the time of the construction of the railroad there had always been considerable ascent both on the highway and the Boyd road from the level ground to the railroad crossing, and some two or three years before the injury the main track of the railroad was moved about twenty feet further north on the right of way and the new track raised some six and one-half feet higher than the old track.  At the same time the approaches from both roads were correspondingly raised, so there was a high bank on each side of the roadway approaching from the west on the highway and also approaching from the north on the Boyd road, leaving a depression of some depth between the approaches of the two wagon roads, the top of the slope at the intersection of the two wagon roads being a little less than twenty feet from the north railroad track.  About eighty feet west of the approach on the highway there is a hill, between that and the crossing a depression for a considerable distance, so that a train from the east cannot be seen by a person upon the highway until he is about one hundred feet west of the crossing and close to the railroad track on the south.  On October 22, 1904, appellee, a man thirty-three years of age, who lived in the neighborhood, was traveling over the highway towards the east, making his third trip as a mail carrier over the route, driving two horses to a spring wagon.  He claims that he stopped and listened for a train at the hill eighty rods west of the crossing, and discovering none, came on east, and as he reached the top of the slope to the crossing a train came suddenly towards and facing him from the east and passed within a few feet of his team; that the team became frightened and unmanageable, turned to the left, cramped and upset the wagon and threw him out over the embank-

ment, causing the injuries for which he brought suit; that the train passed not over eight feet from the horses, and that he could not turn his team around on account of the narrowness of the embankment constructed by appellant, on which he was driving."

Counsel for appellant concede that the judgment of the Appellate Court is conclusive on the charge of negligence of appellant made in the second count of the declaration, but insist that the evidence shows the injury to have resulted from appellee's team becoming frightened, and not from any failure of appellant to do its duty in the construction of the crossing or of its maintenance or the approaches thereto, as charged in the third and fourth counts. Whether appellant was guilty of the negligence charged in those counts and whether such negligence caused or contributed to the injury was as much a question of fact as the negligence charged in the second count. The judgment of the Appellate Court affirming the judgment of the circuit court is conclusive upon controverted questions of fact unless the question of whether there is any evidence fairly tending to sustain the judgment is preserved for review by this court as a question of law. To preserve that question for review on appeal to this court there must be a motion made in the trial court, at the conclusion of all the evidence, to direct a verdict. (*Chicago, Burlington and Quincy Railroad Co.* v. *Pollock,* 195 Ill. 156; *Louisville, New Albany and Chicago Railway Co.* v. *Red,* 154 id. 95; *Cothran* v. *Ellis,* 125 id. 496; *Joliet, Aurora and Northern Railway Co.* v. *Velie,* 140 id. 59.) No motion of the kind having been made in this case, the question whether there was any evidence fairly tending to prove appellee's case as laid in his declaration is not before us.

Certain photographic views of the highway and the railroad at the crossing where the injury occurred were introduced in evidence by appellee over the objections of appellant, and it is claimed the ruling of the court in admitting this testimony is erroneous. The basis of this contention is,

that none of the photographs show the level surface of the highway at and near the crossing. These photographs are views of a portion of the railroad and of the highway near and leading up to the crossing. This was a legitimate subject of testimony, and although the photographs may not have shown every possible view that might have been taken, this would not render them incompetent evidence.

It is also argued that the court erred in not permitting appellant to prove by its roadmaster that the condition in which appellant had put and was maintaining the crossing in question was reasonably necessary for the improvement of its road and that the usefulness of the highway was not unnecessarily impaired. The court properly refused to allow the witness to so testify. What was offered to be proven were conclusions to be drawn from facts. It was proper for the witness to state facts, but not conclusions to be drawn therefrom. This was the province of the jury.

We find no substantial ground of complaint as to any of the rulings of the court on the admission and rejection of testimony.

Lastly, it is contended the court erred in modifying instructions asked by appellant and in refusing others. We have carefully investigated these complaints, and are of the opinion the jury were liberally instructed on behalf of appellant upon every proposition of law applicable to the facts material to appellant's defense. Appellant's given instructions cover seven printed pages of the abstract, and we can not, therefore, in an opinion of reasonable length, set them out, either in full or in substance. It is sufficient to say that after carefully reading them, as well as the refused instructions, we are unable to say that appellant was prejudiced by any ruling of the court in modifying and refusing instructions. No complaint is made of instructions given on behalf of appellee.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*