(No. 14884.—Judgment affirmed.)

THE ARMSTRONG PAINT AND VARNISH WORKS, Plaintiff in Error, *vs.* THE CONTINENTAL CAN COMPANY, Defendant in Error.

*Opinion filed April 18, 1923—Rehearing denied June 6, 1923.*

1. APPEALS AND ERRORS—*when Supreme Court is bound by Appellate Court's finding of fact.* The Supreme Court, in reviewing an action at law, is bound by a finding of fact by the Appellate Court upon a consideration of the legitimate evidence in the record and which is not the result of an erroneous exclusion or disregard of competent evidence, and the Supreme Court has no power to review the evidence for determining whether the finding recited in the Appellate Court's judgment is correct or not.

2. EVIDENCE—*witness cannot state conclusion as to ultimate fact in case.* In certain cases a witness may state what is in the nature of a conclusion as to a material evidentiary fact based on other facts within his knowledge, but such testimony is not admissible where it is a conclusion of the witness as to the ultimate fact in issue to be determined by the jury.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. Charles A. Williams, Judge, presiding.

Eastman, White & Hawxhurst, (Homer C. Dawson, of counsel,) for plaintiff in error.

Wheelock, Newey & Mackenzie, for defendant in error.

Mr. Justice Cartwright delivered the opinion of the court:

On March 11, 1916, the defendant in error, the Continental Can Company, contracted with the plaintiff in error, the Armstrong Paint and Varnish Works, to furnish the paint company with a minimum of $2000 worth of tin packages, or more, which the paint company would need for actual use in its business between the date of the contract and April 1, 1917, at specified prices. During the latter part of the period fixed by the contract, when the prices of tin packages had almost doubled, the can company refused to fill orders given by the paint company. The paint company brought suit in the municipal court of Chicago for damages on account of such refusal. The defense was that the cans ordered and not shipped were not needed by the paint company for actual use in its business before April 1, 1917. Upon a trial the issue was found for the paint company and it recovered a judgment for $4210.75. The Appellate Court for the First District reversed the judgment without remanding the cause and rendered a judgment for costs against the paint company. The Appellate Court did not make any finding of fact but reversed the judgment for supposed error of law, and this court granted a writ of *certiorari* to review the judgment. On such review this court found that the Appellate Court erred in a conclusion of law

and that its judgment was based on such error. The judgment was therefore reversed and the cause remanded to the Appellate Court. The rules which governed the Appellate Court were, that if errors were found in rulings on questions of law in the course of the trial the judgment should be reversed and the cause remanded for the correction of such errors; if there were not such errors and the facts found were the same as they were found by the municipal court the judgment should be affirmed; and if the Appellate Court found the facts different from the finding of the municipal court and no recovery could be had on the evidence the judgment might be reversed and final judgment entered by the Appellate Court, with a recital in its final judgment, as required by the statute, of the facts found. The order remanding the cause to the Appellate Court gave directions in accordance with these rules. (*Armstrong Paint and Varnish Works* v. *Continental Can Co.* 301 Ill. 102.) On a reconsideration of the record by the Appellate Court the judgment of the municipal court was again reversed and final judgment entered, with this finding of facts: "We find as ultimate facts that defendant did not fail or refuse to furnish any cans or packages to plaintiff, under the contract in question, needed for actual use in plaintiff's business before April 1, 1917, and that defendant did not breach its contract, as alleged in plaintiff's statement of claim." A writ of *certiorari* was again awarded to bring the record to this court for review.

This court is conclusively bound by a finding of fact made by an appellate court and recited in its final judgment and has no power to review the evidence for determining whether such finding was correct or not. The ground presented in the petition for a writ of *certiorari* was, and the argument now is, that the supposed finding of fact was wholly based on an erroneous view of the law of evidence, as shown by the opinion filed giving, as required by statute, the reasons for the decision, and that instead of considering

the competent evidence for the paint company and determining the facts from the competent evidence it was disregarded, which was equivalent to striking the evidence from the record as a conclusion of law. The evidence referred to was the testimony of the president and manager of the paint company, which the Appellate Court decided was incompetent and was disregarded. The president was asked if the cans ordered were necessary for use in the business between the period of February 1 and April 1, 1917, and he answered that they were. The manager was asked a similar question and answered that they were badly needed. There are cases where a witness may state what is in the nature of a conclusion as to a material evidentiary fact based on other facts within his knowledge; (*Knight* v. *Knight*, 178 Ill. 553; *Casey* v. *Kelly-Atkinson Construction Co.* 240 id. 416;) but such testimony is not admissible where it is a conclusion of the witness as to the ultimate fact in issue to be determined by the jury, leaving nothing for the jury except to render a verdict according to the conclusion of the witness as to such ultimate fact. (*Chicago and Alton Railroad Co.* v. *Springfield and Northwestern Railroad Co.* 67 Ill. 142; *Big Lake Special Drainage District* v. *Commissioners of Highways,* 199 id. 132; *Illinois Southern Railway Co.* v. *Hayer,* 225 id. 613.) The president and manager testified to their conclusions as to the ultimate fact to be determined by the jury, and the Appellate Court did not err in holding their testimony incompetent.

There was evidence at the trial as to the paint company's gross sales of paint and varnish, and it was stipulated at the trial that a certain number of filled cans of paint were shipped by the paint company during January, February and March, 1917, and the number of cans shipped during April and May. The Appellate Court considered that evidence, and said that there was an entire failure of any competent evidence proving that the kind and size of cans called for by the contract which the can company refused to de-

liver were needed for actual use in the business before April 1, 1917, and that so far as the record showed, the amount of cans delivered was more than sufficient for the needs of the paint company. The finding was a finding of fact based upon a consideration of the legitimate evidence in the record and not the result of an erroneous exclusion or disregard of competent evidence.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*