Theodore Weinberg, Appellee, v. Bernard Warren, Appellant.

Gen. No. 44,925.

Opinion filed April 4, 1950.

Released for publication April 21, 1950.

HART & RAPHAEL, of Chicago, for appellant.

POYNTON, MEJDA & POYNTON, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff filed this forcible detainer suit against defendant to recover possession of a fourth floor apartment, consisting of ten rooms, in a building located at 9 East 18th street, Chicago, Illinois, pursuant to a five-day notice demanding unpaid rent for three months at $94.50 a month and also upon a notice to cease and desist renting to roomers. On April 11, 1949, judgment was entered granting possession of the premises to plaintiff and on April 18, 1949, the court overruled defendant's motion for a new trial and in arrest of judgment and on the same day, defendant filed his notice of appeal and his appeal bond was approved and filed. The case was tried by the court without a jury.

Defendant originally was lessee of the upper three floors of the building in question, at a monthly rental of $50. Subsequently, plaintiff purchased the building

and received an assignment of defendant's lease. Plaintiff then instituted forcible detainer proceedings to recover possession of the entire space occupied by defendant. By such proceedings, plaintiff on October 28, 1948, recovered possession of the second and third floors, and defendant was found entitled to possession of the fourth floor and ordered to pay for its use and occupation a sum not stipulated.

Plaintiff made a demand on defendant to pay the sum of $94.50 per month for the use of said fourth floor, fixing said sum without reference to the office of the Housing Expediter. On December 17, 1948, plaintiff served a five-day notice on defendant, alleging that "the sum of $94.50 has been determined as a reasonable sum for the use and occupation of said premises per month . . . ."

Defendant testified that he rented the entire residential premises, consisting of apartments A, B and C; that the apartments were registered with the Office of Housing Expediter; that the rent paid for each of said apartments A and B was originally $82.50. Apartment A was rented without a lease at $82.50 and apartment B was rented with a lease at $94.50, representing approximately 15 per cent increase over the $82.50; that he was willing to pay either $82.50 a month without a lease or $94.50 a month with a lease, subject to the regulations of the Office of Housing Expediter. Thereupon, a tender by defendant of $450 was impounded by the court and the case continued for further hearing, to have the office of Housing Expediter determine whether such premises came within its control.

On April 8, 1949, the office of Housing Expediter found the premises were subject to their regulations and fixed the maximum monthly rent at $75. Plaintiff objected to admission of documents showing the ruling of the Housing Expediter on "the ground that the

rental determined was improper since the orders were issued after the commencement of the suit; that the premises are commercial and not residential, and that defendant should have tendered the amount requested in the five-days' notice until the rental be determined by the Rent Expediter's Office, if such Rent Expediter had authority to make such determination, as all rooms on the fourth floor had been registered with the Rent Office and at no time was it ever considered an apartment.'' This objection was sustained.

Robert Heden, called by defendant, testified that he was a representative of the office of Housing Expediter, Rental Control Division, and had checked the office files which disclosed that the premises in question, consisting of apartments A, B and C, being the second, third and fourth floor apartments of the building at 9 East 18th street, Chicago, Illinois, were subject to rental regulations of the Rent Expediter. Plaintiff introduced no evidence to contradict this testimony.

■ Was plaintiff's five-day notice for demand for rent valid? It must be conceded that the sum fixed by plaintiff was an arbitrary one, but plaintiff contends that this does not invalidate the demand, even though he demands more than he is entitled to. With this, we cannot agree. Defendant cannot be held in default in the payment of rent unless there has been a legal demand for a sum certain.

Section 204 (b) of the Housing and Rent Act of 1947, as amended by the Housing and Rent Act of 1948, 50 USCA Appendix, sec. 1894 (b), provides in part as follows: ''No person shall demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations greater than the maximum rent established under the authority of the Emergency Price Control Act of 1942, as amended . . . .''

Section 202 (b) of the Act, 50 USCA Appendix, sec. 1892 (b), defines housing accommodations as meaning, ''Any building, structure, or part thereof, or land

appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes (including houses, apartments, rooming or boarding house accommodations, and other properties used for living or dwelling purposes) together with all privileges, services, furnishings, furniture, and facilities connected with the use or occupancy of such property."

In *112 East Thirty-Sixth Street Holding Corp. v. Daffos,* Sup., 1st Dept. 273 App. Div. 447, 78 N. Y. S. (2d) 31, the tenants had leased a building of less than 25 rooms from a former owner and were conducting a rooming house business. The new owner sought possession. It was held that the tenant was protected by the Housing and Rent Act of 1947, since his premises were "housing accommodations" within section 202(b) of the Act.

 It was therefore incumbent upon plaintiff to demand only such rent as had been fixed by the Area Rent Director, and if no rent had been fixed, plaintiff must make application for a maximum rent in accordance with the Emergency Price Control Act of 1942, as amended, 50 USCA Appendix, sec. 901 et seq., and the Rent Regulations for Housing promulgated thereunder.

 During the pendency of a proceeding before the Area Rent Director, plaintiff is entitled under the rent regulations to apply for an interim order, increasing or fixing the maximum rent until further order, subject to refund by lessor to lessee of any amount received in excess of the maximum rent established by final order in such proceeding. This, plaintiff failed to do. Plaintiff states that the rent fixed by the office of Housing Expediter was not applicable to the premises involved because it was based on a single unit rather than on a multiple unit. This is not the place nor the time to make such contention. Plaintiff's forum in this respect is before the Area Rent Director, and

from an adverse ruling, to appeal to the Deputy Regional Housing Expediter (sec. 840.11 of the Rent Regulations). As was stated in the case of *Lutz v. Bender,* 340 Ill. App. 120, "A landlord is not permitted to demand or receive more than the maximum rent unless authorized so to do by an order of the rent director."

 We therefore hold that plaintiff's five-day notice was not sufficient on which to predicate this action for possession of the premises.

The next question presented for our determination is the validity of plaintiff's notice to defendant to cease and desist violating the terms of the lease. The lease was terminated pursuant to the forcible detainer action and order of October 28, 1948, of the municipal court in that case. Defendant's occupation of the fourth floor subsequent to said date was without lease. The court in that case ordered defendant to pay for the use and occupation of said fourth floor. It was undoubtedly plaintiff's right to insist on defendant entering into a written lease for said premises, but this he failed to do.

 Plaintiff once again argues a motion to dismiss this case which we have previously denied. His argument is that an appeal under the forcible entry and detainer act will not lie unless perfected by a filing of a notice of appeal and bond within five days from rendition of judgment. Within five days from the entry of judgment on April 11, 1949, defendant moved the court for a new trial, which motion was continued to April 18, 1949. The court denied the motion for a new trial and a motion in arrest of judgment on April 18, 1949, on which date defendant filed his notice of appeal and appeal bond.

In *Goldblatt v. Perlman,* 338 Ill. App. 654, a forcible entry and detainer case, a similar question was involved. There the court held, "A motion to vacate or

set aside a judgment or decree stays the time within which the notice must be filed, and that the time for filing such notice begins to run from the date such motion is disposed of." *Kruse v. Ballsmith*, 332 Ill. App. 301, is to the same effect.

At the trial, defendant tendered $450 for the rental of such premises until such time as the office of the Housing Expediter shall determine the maximum rent and such sum was impounded with the clerk of the court. For the reasons set forth, the judgment of the municipal court of Chicago is reversed and the cause remanded with directions that plaintiff be permitted to accept the rental as tendered out of the funds impounded, if he so desires, and if not, to dismiss the suit.

*Judgment reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.