W. L. Soltwisch, Plaintiff-Appellee, *v.* Lee Blum, Defendant-Appellant.

(No. 72-163;

Third District—February 9, 1973.

*Rehearing denied March 5, 1973.*

Michael E. Block, of Joliet, for appellant.

Albert H. Krusemark, of Joliet, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an action of Declaratory Judgment brought by W. L. Soltwisch, the owner of 442 acres of farm land, seeking a declaration of his rights as to whether or not he effectively terminated a lease with Lee Blum, his tenant. Judgment was entered by the Circuit Court of Will County for the landlord and the tenant takes this appeal.

Plaintiff, on Dec. 8, 1970, entered into a written lease with defendant for the period March 1, 1971 to April 30, 1972. This lease called for a cash rent payment in the amount of $14,390, payable on or before January 1, 1972. On September 1, 1971 a lease for the period of March 1, 1972 to February 28, 1973 was signed by the parties. The lease for the second term contained a forfeiture clause as follows:

"If Tenant shall fail to keep any of the terms and obligations stated herein, and the terms and obligations stated in a lease of the subject property and both parties hereto dated Dec. 8, 1970, then this lease shall, at the election of Landlord, be null and void, and the Landlord  *  *  *  shall have the right to take possession of the premises,  *  *  *."

The tenant failed to pay the rent when due. On Dec. 22, 1971 he told the landlord that he couldn't pay because he had no money. (On cross-examination he admitted that he had received over $18,000.00 earlier that month from the U.S. Government.) The landlord consulted an attorney, learned of the government payment to the tenant, and had a distress warrant served on Jan. 5, 1972. This warrant produced a $7390 payment by the tenant. A second distress warrant was served on Jan. 13, 1972 and the tenant then paid the balance of the $14,390. Attorneys fees and costs of the distress warrants in amount of $1027.30, were due and payable under the terms of the lease but were not paid. (At the hearing held April 24, 1972, tenant agreed that he was willing to pay this amount.)

The landlord told his attorney to take steps to terminate the 1972-73 lease, a notice of termination dated Feb. 1, 1972 was prepared and served on the tenant on Feb. 3, 1972.

The tenant contends that the acceptance of the rent after a breach of the condition entitling the landlord to terminate the lease is a waiver of the right to terminate for the breach, as a matter of law.

No question is made as to the remedy, the breach of covenant, the sufficiency of the notice or the service of it, nor are sections 8 and 9 of the Landlord and Tenant Act (Ill. Rev. Stat., ch. 80, sec. 8, 9), involved.

A tenancy for a term may end before the expiration of the term by forfeiture (*Assoc. Cotton Shops v. Evergreen Park Shopping*, 27 Ill.App. 2d 467), and as used in this connection the word "forfeiture" refers to

the right of the lessor to terminate the lease because of a breach of a covenant or some other wrongful act of the lessee in connection with the demised premises. *Channel v. Merrifield*, 206 Ill. 278.

The case at bar involves the right of a landlord to terminate a second lease which has not yet begun to run. Tenant breached the first lease and by so doing also breached the second lease. Did a purported waiver of the right to terminate the first lease also operate as a waiver of the right to terminate the second lease?

■■ The acceptance of rent which accrued *prior* to the breach constituting the ground of forfeiture is not a waiver of the right to enforce the forfeiture (51 C.J.S. Landlord and Tenant, Sec. 117(4)b) since the forfeiture in no way affects the liability of the lessee for such rent. 49 Am.Jur.2d, Landlord and Tenant, Sec. 1070; Annotation: 109 A.L.R. 1267, 1268.

Tenant cites *Hamer v. Butterly*, 189 Ill.App. 79. In that case there was a ten year lease with rent payable in installments due on the first. Tenant has always paid on the second, third, fourth or fifth and the payments were always accepted, without protest, by the landlord. On the 3rd of Jan. 1913 tenant tendered the rent which was refused. The court held that tender of rent was made before a declaration of forfeiture was communicated to the tenant and therefore no breach existed. We fail to see how that case has any application to the case at bar.

Tenant next contends that by serving Distress Warrants, accepting the past due rent and by retaining a $500 payment which had been paid on the second lease he waived his right to forfeit the lease for the rents that were past due.

He first cites *Hopkins v. Levandowski*, 250 Ill. 372 which held that if, after rent is due, the landlord gives a notice to surrender possession in five days the right to declare a forfeiture is waived for that period and an action of forcible detainer could not be brought before the time stated in the notice.

He next cites *Famous Permanent Wave Shops, Inc. v. Smith*, 302 Ill.App. 178. The basic facts in that case were the rent was due Sept. 1, the tenant sent a check which was received Sept. 7 and accepted. On Sept. 8 the landlord sent a notice of termination stating that by reason of failure to make payment on Sept. 1 as provided in the lease he elected to terminate the lease. The court, in a lengthy opinion said, "He [landlord] had knowledge of the breach at the time he accepted the rent and by so doing he waived the right to declare a forfeiture" (page 189). *Goldberg v. Pearl*, 306 Ill. 436 is next cited by defendant. The holding of that case was summed up by the court on page 440 as follows, "The suit

for possession was brought on May 26, 1921 and after appellant had accepted the rent for the whole of that month. By this action appellant waived all right to maintain suit for a forfeiture for all past acts."

The foregoing three cases contain accurate statements of law but are not much help here.

■■ The general rule is that where a landlord, after a cause of forfeiture has arisen, proceeds to make a distress for rent *previously due,* the right to re-enter is waived, because by distraining he recognizes the relation of landlord and tenant and the lease as still existing. 49 Am.Jur.2d, Landlord and Tenant, Sec. 1066.

It must be born in mind that there are two leases here for separate terms. The notice of termination applied only to the second lease. There was little or no point to terminating the first lease as the land was vacant and unoccupied and the term was to expire in hardly no time at all.

■■ There was no rent past due on this second lease but there was a clear violation of its terms *i.e.,* a failure to pay rent when due on the first lease and a failure to pay costs of collecting the rent on the first lease.

■■ As to the argument that by retaining a $500 payment made Sept. 1, 1971 on the new lease the landlord waived his rights, the tenant admitted that he owed $1027.30 for costs of the distress warrants. There is no waiver shown in this respect.

For this last point tenant relies on *Illinois Merchants Trust Co. v. Harvey,* 335 Ill. 284, for the proposition that, in a lease, covenants for forfeiture and re-entry by reason of a breach if the lessee's covenant to pay rent are designed as an additional security for the payment of rent and not as providing for the forfeiture of the lease. In that case, court in making the statements was speaking (page 294) of the power of a court of chancery to grant equitable relief. We, of course, have no quarrel with the general statement, however, it must be pointed out that before equity would grant relief there must be a strong expectation that the tenant's covenants would be faithfully performed thereafter (49 Am.Jur.2d, Landlord and Tenant, Sec. 1089), and wilful, calculated, or persistent failure to pay rent under circumstances negativing exercise of good faith could prevent relief from a forfeiture of a lease on that ground. Annotation: 31 A.L.R.2d 321.

■■ The above annotation, on page 350, says, "Where a default in the payment of rent under a lease occurs and subsists without apparent justification or legal excuse or a showing that it would be inequitable to enforce a forfeiture of a lease made pursuant to its terms, the lessee is not entitled to relief."

To hold otherwise in the instant case would be to nullify the plain

wording of the second lease and place the landlord at the mercy of a tenant who clearly flouts the provisions of his lease.

For the above reasons the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.