LEHNDORFF USA (CENTRAL) LIMITED *et al.*, Plaintiffs-Appellees, *v.* COUSINS CLUB, INC., Defendant-Appellant.

First District (5th Division)   No. 61916

Opinion filed May 28, 1976.—Rehearing denied August 20, 1976.

Robert A. Sherwin, of Sherwin & Sherwin, of Chicago, for appellant.

Jay Erens, Stephen Novack, and Steven L. Harris, all of Levy and Erens, of Chicago, for appellees.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant appealed from the entry of summary judgment in favor of plaintiffs, contending that: (1) the granting of plaintiffs' motion for summary judgment on the basis of defendant's admission that it owed rent to plaintiffs was erroneous; (2) plaintiffs waived their right to bring an action for forcible entry and detainer by contemporaneously exercising their right to distrain for rent under the Illinois landlord and tenant statute (Ill. Rev. Stat. 1973, ch. 80, par. 28) and the lease; and (3) the provisions of the five-day notice to defendant upon which plaintiffs' action for forcible entry and detainer was predicated barred plaintiffs from terminating defendant's right to possession.

The following facts pertinent to this appeal appear in the record.

Defendant, on October 18, 1966, leased certain property from the Server Company. Server, in October, 1970, assigned its rights under the lease to USA I Lehndorff Vermoegensverwaltung GmbH & Cie., one of the plaintiffs in the instant case. Defendant opted to extend the lease from February 28, 1972, to May 31, 1977. Among other provisions, the lease required defendant to pay a base rent of $850 per month plus 10% of its monthly gross receipts above $21,000. The lease also provided that in the event of a default, all rent for the remainder of its term would become due and payable. On December 20, 1974, plaintiffs served defendant with a five-day notice which stated that defendant owed plaintiffs rent in the amount of $18,130.96 plus percentage rent for the period from September 1 to November 30, 1974. The notice further stated:

"And you are * * * notified that payment of said sum so due has been and is hereby demanded of you, and that unless payment thereof is made on or before the expiration of five days after service of this notice your right to possession under the lease of said premises will be terminated; provided that this shall not terminate said lease."

On the same day, plaintiffs levied a distress warrant against defendant, authorizing the Cook County Sheriff to distrain defendant's personal property for overdue rent in the amount of $42,780.96 plus percentage rent for the period from September 1 to November 30, 1974, as a result of which various items of defendant's personal property on the premises were seized and inventoried, as permitted by statute. (Ill. Rev. Stat. 1973, ch. 80, par. 16, 17.) Thereafter, plaintiffs brought an action to enforce the distress levy.

Subsequently, on January 2, 1975, plaintiffs filed a separate action for forcible entry and detainer against defendant wherein they alleged that they were entitled to possession of the premises leased to them for overdue rent in the amount of $42,780.96 for the period from September 1, 1973 to December 18, 1974, plus percentage rent for the period from

September 1 to November 30, 1974. Pursuant to Illinois Supreme Court Rule 216* (Ill. Rev. Stat. 1973, ch. 110A, par. 216), plaintiffs requested that defendant admit the truth of specified facts and the genuineness of specified documents, including an admission that defendant claimed possession of the premises under the written lease dated October 18, 1966; that such lease was genuine; that defendant owed rent, both base and percentage, under the lease and, specifically, $850 base rent for the month of December, 1974. Although plaintiffs adverted in their complaint to the written lease on which their cause of action was predicated, they did not attach the document itself or a copy of it to their complaint. Thereafter, on February 15, 1975, plaintiffs filed an amended complaint, seeking possession only for nonpayment of rent.

Defendant filed an answer, denying that plaintiffs were entitled to possession of the leased premises. Complying with the requirements of Rule 216, defendant admitted that its claim to possession was derived from the written lease dated October 18, 1966; that such lease was genuine; that it owed rent, both base and percentage, under the lease, but further stated that the amount of rent was in dispute and, specifically, that it owed $850 base rent for the month of December, 1974, was prepared to pay such rent on December 20, 1974, and refrained from doing so because of plaintiffs' distress levy.

Plaintiffs then filed a motion for summary judgment, alleging that defendant's admission of overdue rent under the lease entitled them to possession of the leased premises. In response, defendant filed objections and a counter-motion for summary judgment in its favor. It admitted that it owed rent under the lease, but qualified its admission to mean that it owed base rent of $850 for December, 1974 only, which it was prepared to pay, plus unspecified percentage rent, which it was also prepared to pay but refrained from doing because of plaintiffs' unwillingness to accept its statements of gross receipts. In support of its response, defendant further alleged:

> "Under the law, the making of a distress for rent previously due constitutes a waiver of the right to re-enter the leased premises, since by the distraint, the landlord recognizes the relationship of Landlord and Tenant and the lease still in existence.
>
> ❋ ❋ ❋
>
> [Plaintiffs' action to enforce the distress levy for overdue rent]

---

* Supreme Court Rule 216 (Ill. Rev. Stat. 1973, ch. 110A, par. 216) provides:
"(a) ❋ ❋ ❋
A party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant part set forth in the request.
(b) ❋ ❋ ❋
A party may serve on any other party a written request for admission of the genuineness of any relevant documents described in the request. Copies of the documents shall be served with the request unless copies have already been furnished."

constitutes a further waiver of plaintiffs' right to proceed in Forcible Detainer.

The Five Day Notice upon which the Forcible Detainer proceeding was predicated, * * * since it states by its terms that defendant's lease is not terminated [,] * * * is a further recognition that the Landlord and Tenant relationship continues between the parties."

Plaintiffs then filed a response supporting their motion and opposing defendant's counter-motion for summary judgment. In their response, they cited, *inter alia*, the provisions of the lease declaring that all the lessor's remedies upon the lessee's default were to be cumulative and that the exercise of any remedy did not preclude the right to exercise another.

In order to enjoin forfeiture of its lease, defendant brought a separate action for injunctive relief. A copy of the original lease between it and the Server Company was attached to its complaint. The court denied defendant's prayer for a preliminary injunction against plaintiffs, declaring that it had no power to enjoin a pending forcible entry and detainer proceeding in a court of concurrent jurisdiction.

The trial court subsequently granted plaintiffs' motion for summary judgment in the forcible entry and detainer action, and denied that of defendant. In accordance with its judgment, it ordered that plaintiffs recover possession of the leased premises.

OPINION

■■ Before considering defendant's three principal contentions, we must first resolve a threshold contention raised by defendant for the first time in its reply brief. It contends that the written lease governing the contractual relationship between it and plaintiffs is not part of the record and cannot, therefore, be considered by us in resolving the issues involved in this appeal. It is well established that an issue not presented to or considered by the trial court cannot be raised for the first time on appeal. (*Ray v. City of Chicago*, 19 Ill. 2d 593, 169 N.E.2d 73; *Lakefront Realty Corp. v. Lorenz*, 19 Ill. 2d 415, 167 N.E.2d 236; *Kazubowski v. Gilio*, 132 Ill. App. 2d 1039, 271 N.E.2d 51; *Mrzlak v. Ettinger*, 25 Ill. App. 3d 706, 323 N.E.2d 796.) Such a rule is necessary in order to avoid the delay and expense incident to appeals, reversals, and new trials on grounds which might have been corrected in the trial court if the issue had been properly raised at that level. (5 Am. Jur. 2d *Appeal and Error* §545 (1962).) In the instant case, both parties made explicit references to the lease in the pleadings. In its response to plaintiffs' requested admissions under Rule 216, defendant admitted that its claim to possession of the premises it was occupying derived from the written lease dated October 18, 1966, that such lease was genuine, and that it owed rent under the lease. Never did

defendant contest the lease's authenticity or any of the lease's pertinent provisions in the proceedings before the trial court. Accordingly, we may properly consider those parts of the lease to which the parties adverted in their pleadings in resolving the issues involved in this appeal.

■■ Defendant's first contention is that the granting of plaintiffs' motion for summary judgment on the basis of defendant's admission that it owed rent to plaintiffs was erroneous. Generally, where the record shows that there is no triable issue of fact, a summary judgment will be granted. (*People ex rel. Sharp v. City of Chicago*, 13 Ill. 2d 157, 148 N.E.2d 481; *Tuohey v. Yellow Cab Co.*, 33 Ill. App. 2d 180, 180 N.E.2d 691.) In the instant case, the trial court granted plaintiffs' motion for summary judgment in their action for forcible entry and detainer on the basis of defendant's admitted indebtedness to plaintiffs for overdue rent. The question is whether such an admission justifies summary judgment in favor of a lessor in an action for forcible entry and detainer.

In this regard, Illinois law provides:

"That a landlord or his agent may, any time *after rent is due*, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than five days after service thereof, the lease will be terminated." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 80, par. 8.)

In *Jack Spring, Inc. v. Little*, 50 Ill. 2d 351, 358, 280 N.E.2d 208, the Illinois Supreme Court held:

"[T]he question of whether rent is due and owing is not only germane, but in these cases where the right to possession is asserted solely by reason of nonpayment, is the crucial and decisive issue for determination."

Both the Illinois statute and the court's holding in *Jack Spring* support the view that the only issue in an action for forcible entry and detainer is whether the lessee owes rent. Defendant in the instant case disputed the amount of rent that it owed, but unequivocally admitted that it owed rent to plaintiffs. On this basis, summary judgment in favor of plaintiffs was proper.

Defendant argues, however, that because the total amount of its indebtedness for overdue rent was in dispute, it was excused from paying any rent, notwithstanding its admission that it owed some base rent and some percentage rent. Generally, a lessee must tender all the rent owing to the lessor, and a tender of any less sum is nugatory and ineffective. (*Leary v. Pattison*, 66 Ill. 203; *Chapman v. Woolsey*, 4 Ill. App. 2d 261, 124 N.E.2d 366; *Ing v. Levy*, 26 Ill. App. 3d 889, 326 N.E.2d 51.) In the instant case, defendant never tendered the complete amount of rent owing to plaintiffs, and did not even tender the complete amount of rent that it

admittedly owed. Defendant erroneously cites *Weinberg v. Warren,* 340 Ill. App. 365, 92 N.E.2d 217, for the proposition that a lessee need not make a tender when the amount of rent claimed by the lessor is arbitrarily excessive. In *Weinberg,* however, this court held that the lessor could not demand an amount of rent which exceeded the legal maximum as established by the Area Rent Director under the Emergency Price Control Act of 1942. (Act of Jan. 30, 1942, ch. 26, tit. I, §1, 56 Stat. 23.) Here defendant claims that the demand is arbitrarily excessive but does not assert that it is illegal by statutory proscription. Accordingly, the court's holding in *Weinberg* is factually inapposite to the instant case, and, under these circumstances, we hold that the trial court's granting of summary judgment in favor of plaintiffs on the basis of defendant's admitted indebtedness for rent was proper.

Notwithstanding the propriety of the trial court's entry of summary judgment for plaintiffs, defendant next contends that plaintiffs waived their right to bring an action for forcible entry and detainer by contemporaneously exercising their right to distrain for rent and to enforce such distrainment under the Illinois landlord and tenant statute (Ill. Rev. Stat. 1973, ch. 80, par. 8) and the written lease. The thrust of defendant's contention is that plaintiffs' commencement of distress proceedings against defendant implied their intent to affirm the lease and to waive any contemporaneous or subsequent right to terminate the lease and evict defendant through an action for forcible entry and detainer. In support of its contention, defendant cites one Illinois case, *Soltwisch v. Blum,* 9 Ill. App. 3d 760, 292 N.E.2d 742. In that case, the issue was whether a landlord has waived his right to terminate a second lease by serving distress warrants for rent due on a first lease, accepting past-due rent for the first lease and retaining the $500 which the tenant had paid on the second lease. In its discussion, the court stated:

> "The general rule is that where a landlord, after a cause of forfeiture has arisen, proceeds to make a distress for rent *previously due,* the right to re-enter is waived, because by distraining he recognizes the relation of landlord and tenant and the lease as still existing. 49 Am. Jur. 2d, Landlord and Tenant, Sec. 1066." (9 Ill. App. 3d 760, 763, 292 N.E.2d 742, 745.)

However, after citing this legal principle, the court held that the landlord had not waived his right to terminate the second lease because of specific provisions in the first lease. In no respect did the court address itself directly to the waiver question. Any pronouncement by the court on this point, therefore, was, at best, dictum.

■■ In the instant case, plaintiffs explicitly adverted in their pleadings to the provisions of the lease concerning the lessor's remedies on default. Those provisions declared that all of the lessor's remedies were to be

cumulative, and that the exercise of one did not preclude the right to exercise any other. On the basis of these provisions, defendant's second contention is without merit.

■■ Defendant's third contention is that the provisions of the five-day notice to defendant upon which plaintiffs' action for forcible entry and detainer was predicated barred plaintiffs from terminating defendant's right to possession. In support of its contention, defendant relies on the proviso in the five-day notice stating that such notice did not terminate the lease. Since the lease cannot be terminated, defendant argues, its right to possession cannot be terminated. Defendant cites no legal authority in support of this argument. We hold that the provisions of the five-day notice did not bar plaintiffs from terminating defendant's right to possession through an action for forcible entry and detainer. The notice explicitly declared that the lessee's right to possession was terminated unless payment for overdue rent was made within five days.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN and DRUCKER, JJ., concur.