LaSALLE NATIONAL BANK, Trustee, Plaintiff-Appellee, *v.* FIRST CITY CORP., d/b/a Bon Ton on Devon, Defendant-Appellant.

First District (3rd Division)   No. 77-1033

Opinion filed March 22, 1978.

Peter G. Frezados, of Regas & Frezados, of Chicago, for appellant.

Fein & Hanfling, of Chicago (Norman Hanfling and Martha Lessman Katz, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant appeals from a forcible detainer judgment entered by the trial court after a trial without a jury on June 6, 1977, awarding possession of certain restaurant premises to plaintiff and ordering defendant to vacate the premises within 20 days. Defendant made the necessary repairs, reopened the restaurant, posted a bond, and remains in possession pending the disposition of this appeal. Defendant contends on appeal that the trial court erred in excluding certain testimony as to the total assets of the premises; that the court erred in permitting witnesses to state a conclusion which was the ultimate fact to be decided by the trier of fact; and that plaintiff waived its right to terminate the lease when its agent accepted rent for a period which was due after the option to terminate had arisen.

On March 9, 1977, a fire occurred in the restaurant leased by defendant at 2801 West Devon Avenue in Chicago. On the following day, plaintiff's agent, Donald Fogel, met with Dino Alex, defendant's president. The two men examined the premises, and Fogel discussed defendant's plans to do additional remodeling. Fogel informed Alex that plans for remodeling would be necessary and would have to be submitted to him for approval. Fogel also requested and received a check for the entire March rent which was due on March 1.

After that meeting, Fogel hired Leonard Mansfield, a public adjuster, and Donald Geller, a general contractor, to examine the premises. After receiving their reports, plaintiff-lessor, pursuant to the untenantability provision of the lease between the parties, brought an action against defendant to terminate the lease on the theory that the premises were rendered wholly untenantable. Paragraph 13 of the lease in pertinent part is as follows:

"UNTENANTABILITY. If the premises or the Buildings are made wholly untenantable by fire or other casualty, Lessor may elect (a) to terminate this lease as of the date of the fire or casualty by notice to Lessee within thirty days after that date, or (b) to repair, restore or rehabilitate the Building or the premises at Lessor's expense within sixty days after Lessor is enabled to take possession of the injured premises and to undertake reconstruction or repairs, in which latter event the lease shall not terminate but Rent shall be abated on a per diem basis while the premises are untenantable. If Lessor elects so to repair, restore or rehabilitate the Building or the premises, and does not substantially complete the work within the sixty-day period, either party can terminate this lease as of the date of the fire or casualty by notice to the other party not later than seventy days after Lessor is enabled to take possession of the injured premises and undertake reconstruction or repairs. In event of termination of the lease pursuant to this Section 13, Rent shall be apportioned on a per diem basis and be paid to the date of the fire or casualty."

At trial, Donald Fogel, plaintiff's agent, was permitted to testify over defendant's objection that the building was wholly untenantable. Leonard Mansfield testified that the damage amounted to approximately $40,000. Donald Geller believed that it would cost from $50,000 to $75,000 to repair the damage. Mansfield and Geller both testified that the fire caused extensive damage. Geller also testified that extensive repairs would be necessary to render the building tenantable.

Dino Alex, president of the defendant corporation, testified that he hired an architect after his conversation with Fogel subsequent to the fire. The architect charged defendant $6,000 for plans. The city issued its permit to repair the restaurant and the permit indicated four per cent damage to the restaurant.

After hearing the evidence, the trial court determined that the premises were rendered wholly untenantable and entered judgment for plaintiff.

Since we believe the issue to be determinative of the appeal, we shall consider first defendant's contention that the trial court erred in allowing witnesses to express an opinion as to whether the premises were wholly untenantable, the ultimate issue to be decided in the case.

■■■ Plaintiff does not challenge the validity of the principle that a lay witness may not be permitted to state a conclusion where that conclusion is the ultimate fact in issue which is to be decided by the trier of fact. (*Armstrong Paint & Varnish Works v. Continental Can Co.* (1923), 308 Ill. 242; *Illinois Southern Ry. Co. v. Hayer* (1907), 225 Ill. 613; *Champion v. Knasiak* (1974), 25 Ill. App. 3d 192, 323 N.E.2d 62.) Rather, plaintiff asserts that courts have permitted expert witnesses to express

opinions upon ultimate facts since the trier of fact is not required to accept the expert opinions. (*Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 273 N.E.2d 809; *Spence v. Commonwealth Edison Co.* (1975), 34 Ill. App. 3d 1059, 340 N.E.2d 550.) Plaintiff's assertion ignores the fact that its agent Fogel, admittedly not an expert witness, was permitted to testify over objection that the fire rendered the premises wholly untenantable. Permitting him to express such an opinion constitutes serious error since, as plaintiff itself points out in discussing another issue, Fogel's lack of expertise on the subject was clearly demonstrated by his testimony. On the day after the fire, Fogel accepted the entire March rent and instructed defendant's agent to submit plans for remodeling because Fogel did not recognize the extent of the damage. This occurred despite the fact Fogel had just completed an inspection of the damaged premises. In view of the sharp dispute over the sole trial issue, we cannot say that permitting such an uninformed witness to express an opinion on the ultimate issue constituted harmless error.

■■ In view of our remandment, it is necessary to comment on defendant's other charge of evidentiary error. The trial court should have permitted defendant to offer testimony as to the value of the total assets. Such value would be a factor bearing on the issue of untenantability. See *Presbyterian Distribution Service v. Chicago National Bank* (1960), 28 Ill. App. 2d 147, 171, N.E.2d 86.

■■■ We reject defendant's argument that plaintiff waived its right to terminate the lease by accepting rent for a period after the fire. Acceptance of rent which accrued prior to the breach constituting the ground for termination is not a waiver of the right to enforce the forfeiture. (*Soltwisch v. Blum* (1973), 9 Ill. App. 3d 760, 292 N.E.2d 742.) Since rent for the entire month of March had already accrued, plaintiff's acceptance of the rent on March 10 did not constitute a waiver of its right to enforce paragraph 13 of the lease, particularly in view of plaintiff's lack of knowledge of the extent of the damage.

For the reasons stated, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial consistent with the holdings of this opinion.

Judgment reversed and remanded.

JIGANTI, P. J., and McGILLICUDDY, J., concur.