THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD L. STANTON, Plaintiff in Error.

*Opinion filed November 18, 1953.*

ROBERT H. RICE, of East St. Louis, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and RICHARD T. CARTER, State's Attorney, of Belleville, (R. V. GUSTIN, FRED G. LEACH, and ROBERT L. BURNS, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

After a trial by jury in the circuit court of St. Clair County, Richard L. Stanton was found guilty of raping a female under the age of sixteen years. His punishment was fixed at imprisonment in the penitentiary for a term of 99 years. He brings the record to this court for review by writ of error.

It is unnecessary to relate in detail the facts shown by the record. Evidence for the prosecution discloses that the offense occurred on November 23, 1952, after the complaining witness (a girl twelve years of age) and her sister had attended church. They accepted an offer by defendant, a stranger who had noticed them standing at a street corner, to take them home in his automobile. Instead

of taking them to their home, he drove some distance to an obscure spot in a wooded area outside of town, where the acts in question occurred.

Several errors are assigned and argued by defendant in his brief, but in view of our conclusion we shall discuss only one. Defendant testified at the trial that he did not have intercourse with complaining witness. In addition he called as a character witness his former wife, who testified that the general reputation of defendant for chastity was good. On cross-examination she was asked by the prosecutor, over objection by defendant's counsel, to state whether she had told the chief of police that two other women were pregnant by defendant. To this question she answered: "No. I didn't say that. Just one woman was pregnant by him. The other girl did not have sexual intercourse with him. The other woman was pregnant." Defendant's objections to the question were overruled. In this the court committed error. The law is clear that particular acts of misconduct cannot be shown, either on cross-examination or in rebuttal of proof of good character. *People* v. *Wilson,* 400 Ill. 461; *Aiken* v. *People,* 183 Ill. 215.

The rule is based upon the ground that every man is presumed to be ready at all times to defend his general character but not his individual acts. As to the latter he must have due notice. A person charged with a particular crime is not required to defend against every possible aspersion which may be made against him but which is in no way connected with the issue to be determined. The rule is especially applicable to cases of this kind, where the very nature of the offense demands the exercise of extreme care in excluding improper evidence which might deprive a defendant of a fair and impartial trial. The question asked on cross-examination in this case tended to prejudice the jury against defendant, and requires the granting of a new trial despite the evidence of guilt in this record.

Where such improper matter appears, the question is not what a court of review may think of defendant's guilt or innocence but what the jury would have done if the case had been submitted without it.

Other alleged errors are argued by defendant, but since they will probably not recur upon another trial we shall refrain from discussing them. For the reasons stated, the judgment of the circuit court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*