Paul Caspers, Plaintiff-Appellant, v. Chicago Real Estate Board, an Illinois Not-For-Profit Corporation, and Victor H. E. Hokanson, Defendants-Appellees.

Gen. No. 49,719.

First District, First Division.

April 12, 1965.

Samuel W. Block, Keith F. Bode, and Richard P. Glovka, of Chicago (Raymond, Mayer, Jenner & Block, of counsel), for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (William D. Maddux and John M. O'Connor, Jr., of counsel), for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a malicious prosecution action, in which the court struck the complaint, denied leave to file an amended complaint, and dismissed the action with prejudice. Plaintiff appeals on the theory that his four count complaint states a cause of action against both defendants "on the grounds of malicious prosecution, abuse of process, and intentional infliction of mental suffering."

Plaintiff, Paul Caspers, is a licensed real estate broker. He is also president and principal shareholder of Paul Caspers & Co., Inc., an Illinois corporation. The defendants are the Chicago Real Estate Board, an Illinois not-for-profit corporation, and Victor H. E. Hokanson, who was general chairman of the Appraisal Committee of the Board for its fiscal year 1957 to 1958. Plaintiff has been a member of the Board since about 1932.

On September 26, 1957, plaintiff, on behalf of Paul Caspers & Co., Inc., requested the Board to make an appraisal of a Chicago leasehold. On October 9, 1957, defendants forwarded to plaintiff the appraisal requested by him and an invoice for $630. Subsequently, plaintiff refused to pay the invoice because of "the false, fraudulent, misleading and worthless character of said purported appraisal."

On November 24, 1958, the defendant Board sued Paul Caspers & Co., Inc., to collect the $630. In March, 1961, a jury returned a verdict in favor of the Board for the $630. Judgment was entered on the verdict against Paul Caspers & Co., Inc., but subsequently the

court vacated the judgment and entered judgment notwithstanding the verdict in favor of Paul Caspers & Co., Inc. An Appellate Court appeal by the Board was dismissed on motion of the Board in January, 1962.

In August, 1963, the instant suit was filed by plaintiff against the defendant Board and Hokanson. Counts I, II and III, against both defendants, are for malicious prosecution, abuse of process, and intentional infliction of mental suffering. Count IV, in the alternative, alleges the existence of a cause of action against Hokanson because Hokanson "induced defendant Chicago Real Estate Board to institute said action No. 58 M 128906 against plaintiff by means of the false and fraudulent misrepresentation that said purported appraisal was a sound, honest and fair appraisal . . . when in fact defendant Hokanson well knew that said purported appraisal was false, fraudulent, misleading and worthless," and as a proximate result "plaintiff's real estate business was injured, plaintiff was required to expend $2,171.95 in defending said action No. 58 M 128906, and plaintiff sustained severe humiliation, grievous mental anguish and suffering."

The complaint, in substance, alleges all of the foregoing in detail. Included are the allegations that the "charter" of the defendant Board and its "Code of Ethics" require that the adjustment of disputes between said Board and any of its members be made through an arbitration procedure specified in said charter, or through administrative action taken by the defendant's Board of Directors rather than by litigation, and that "on information and belief, said action against Paul Caspers & Co., Inc. is the only occasion on which the Chicago Real Estate Board has ever filed suit against any of its members to recover appraisal charges. All other such disputes between Chicago Real Estate Board and its members have been

116

resolved by administrative action of the Board of Directors of the Chicago Real Estate Board or by the arbitration procedure proscribed [sic] by the charter of said Board." Plaintiff prays for $250,000 in damages, plus costs. In the order of dismissal, the trial court found that "the complaint fails to state a cause of action and fails to state actionable damages."

██ The essential elements of a cause of action for malicious prosecution are the institution or continuation of original judicial proceedings by or at the instance of defendant with malice and without probable cause, termination of the proceedings in plaintiff's favor, and damage sustained by plaintiff. (25 ILP, Malicious Prosecution, § 11; Carbaugh v. Peat, 40 Ill App2d 37, 47, 189 NE2d 14 (1963).) All of these elements must be sufficiently alleged in order to sustain the action. Schwartz v. Schwartz, 366 Ill 247, 252, 8 NE2d 668 (1937).

Initially, defendants assert "plaintiff was not a party to the Municipal Court suit upon which he bases his claim. Thus, there was no termination of the prior litigation in his favor and he has no cause of action." Carbaugh v. Peat, 40 Ill App2d 37, 47, 189 NE2d 14.

██ For the purposes of this case, we consider plaintiff as the "alter ego" of his corporation. "It has been frequently held that the owner of all of the stock of a corporation will be treated as its alter ego, and these cases have refuted the fiction of separate legal entities in cases where used as a protection to fraud or other illegal transactions. '. . . the courts will not permit themselves to be blinded nor deceived by mere forms of law, but, regardless of the fictions, will deal with the substance of the transaction involved as if the corporate agency did not exist and as the justice of the case may require.' " Chicago-Crawford Currency Exchange, Inc. v. Thillens, Inc., 48 Ill App2d 366, 373, 199 NE2d 295 (1964).

■ We do not believe our rejection of the concept of separate legal entities as to malicious prosecution should be extended to the alleged requirement of defendants to pursue arbitration procedures. The many facets of membership in a professional organization such as the Chicago Real Estate Board, and the complexity of the mutual responsibilities owed by members to the organization and by the organization to its members, require the observance of separate legal entities. Therefore, as the arbitration procedures apply only to members of the Board, and Paul Caspers & Co., Inc., was not a member of the Board, we are not persuaded that it was malicious for the Board to disregard its "reference and arbitration procedures" in its controversy with plaintiff's corporation over the appraisal charges.

We consider the determinative question as to the count for malicious prosecution to be, whether "the allegations of the complaint satisfy the requirement of 'special injury' under Illinois law."

■■ As stated in Schwartz v. Schwartz, 366 Ill 247, at p 250, 8 NE2d 668:

> "[An action] for malicious prosecution of a civil suit without probable cause cannot be maintained where the action upon which it is grounded is an ordinary civil action, begun by summons and not accompanied by arrest of the person or seizure of his property, or by special injury not necessarily resulting in any and all suits prosecuted to recover for like causes of action. . . .
>
> " . . . The ground for the rule is, that courts should be open to litigants for the settlement of their rights without fear of prosecution for calling upon the courts to determine such rights. In Norin v. Scheldt Manf. Co. [297 Ill 521], and in Shedd v. Patterson, 302 Ill 355, it was recognized that the circumstances there existing were not

118

those of an ordinary civil suit. In the Norin case the action complained of was an unjustified judgment by default without service of process, in bankruptcy, against the plaintiff in the malicious prosecution suit. Such was held not to be an ordinary civil action. In Shedd v. Patterson, supra, the defendant in the malicious prosecution suit had many times brought suit against the plaintiff after having had all the merits of such suit determined against him and it was deemed that such was not an ordinary civil suit but was extraordinary in that the repeated bringing of the suit, after final determination, amounted to harassment. These cases, however, recognize the rule which we have hereinbefore stated."

Plaintiff cites numerous authorities to show that "the 'special injury' requirement is unsound and should not be extended to cases other than routine contract and debt collection disputes." Prosser, Torts, 662, 663, § 99, 2d Ed (1955), is cited to illustrate the wide variety of factual situations which have been held to satisfy the "special injury" requirement, including "proceedings in which there has been interference with property or business, or damage differing in kind from the ordinary burden of defending a lawsuit, such as attachment, garnishment, replevin, the search of premises under a warrant, injunctions, proceedings in bankruptcy, for the dissolution of a partnership, for the suspension of an officer, or for the revocation of a license to do business . . . ."

While this record demonstrates plaintiff's sincerity in his charge that defendants' motives in filing the action against his corporation were malicious and "for the purpose of injuring plaintiff's business and subjecting him to severe mental suffering, ridicule and humiliation," this court is bound by the standards set forth in Schwartz v. Schwartz. We believe the

119

allegations of plaintiff's complaint fail to allege facts sufficient to show the necessary element of "special injury." The allegations of loss of business and mental suffering are conclusions. There are no allegations of "special loss to him of any character, over and above the ordinary expense and trouble attendant upon the defense of an ordinary civil suit." (Schwartz v. Schwartz, p 252.) The annoyance and distress suffered by a person of integrity and good reputation in defending what he believes to be an unjust action is found in most litigation, including suits to collect debts, in which category belongs the basic action against plaintiff's corporation. We conclude that plaintiff's complaint does not come within the class of cases in Illinois in which "it was recognized that the circumstances there existing were not those of an ordinary civil suit," and we hold that it does not state a cause of action for malicious prosecution. Schwartz v. Schwartz, p 250.

Plaintiff further contends that the complaint states a cause of action for abuse of process and cites Lerner v. Borack, 189 Ill App 603 (1914), where it is said (p 604):

> "If process is used maliciously, not for the ostensible purpose for which the law provides it, but for an ulterior purpose—for example, to intimidate, oppress or punish a person against whom it is sued out—it is 'malicious abuse of process.'"

"There are two essentials to an action for abuse of process: an ulterior purpose and an act in the use of legal process not proper in the regular prosecution of the proceedings." (March v. Cacioppo, 37 Ill App2d 235, 243, 185 NE2d 397 (1962).) We are not persuaded that either of these essentials is present here. The complaint is replete with allegations

of malicious motives on the part of both defendants, but no facts are alleged to show that the suit was brought for the ulterior purpose of injury to plaintiff's reputation and business. A motion to dismiss a complaint admits as true the facts well pleaded, but it does not admit the conclusions of the pleader which are not supported by relevant facts. (Burr v. State Bank of St. Charles, 344 Ill App 332, 339, 100 NE2d 773 (1951).) The facts alleged show an attempt by the defendant Board to collect from Paul Caspers & Co., Inc., its charge for services rendered it for an appraisal requested by plaintiff. The assertion by plaintiff that the charge was for a worthless appraisal does not show that the prosecution of a suit to collect the charge was for an "ulterior purpose." We find the complaint does not state a cause of action for abuse of process.

Plaintiff's contention that the complaint states "a cause of action against defendants for the intentional infliction of mental suffering" is answered by the conclusions of this court on the "malicious prosecution" and "abuse of process" counts and requires no further discussion.

The complaint further contains, in the alternative, a count against Hokanson alone. The principle of liability upon which plaintiff bases this count is found in the Restatement, Torts, § 914 (1939):

> "A person who through the *tort* of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney fees and other expenditures thereby suffered or incurred." (Emphasis supplied.)

As we have found that the complaint did not state a cause of action in tort against either defendant for

the bringing of the suit to collect the $630 charge, the act of defendant Hokanson, if so, in "inducing" the Chicago Real Estate Board to bring this suit, was not improper, and did not constitute a "tort" necessary to sustain liability against Hokanson. We hold, therefore, that the complaint does not state a cause of action against defendant Hokanson for malicious instigation of litigation.

Finally, plaintiff contends the trial court erred in denying leave to plaintiff to amend his complaint. The instant complaint does not demonstrate any basis upon which an amendment would enable plaintiff to properly allege the essential elements of a cause of action grounded on malicious prosecution. The trial court has broad discretion in permitting or refusing amendments, and only a manifest abuse of such discretion will be reviewed. (Lowrey v. Malkowski, 20 Ill2d 280, 285, 170 NE2d 147 (1960).) We find no error here.

For the reasons given, the order dismissing plaintiff's action with prejudice is affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.