PAUL PETRICK, Plaintiff-Appellant, v. ROBERT S. KAMINSKI, M.D., LTD., Defendant-Appellee.

First District (3rd Division)    No. 78-964

Opinion filed February 7, 1979.

Robert E. Cleveland, of Chicago, for appellant.

Michael G. Erens, Esq., of Kamensky & Landan, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Paul Petrick, appeals from an order of the circuit court of

Cook County striking and dismissing his complaint. Petrick filed suit against defendant, Robert S. Kaminski, Ltd., seeking damages for malicious prosecution. After a hearing, the trial court granted Kaminski's motion to dismiss the complaint.

Petrick's complaint alleged that Kaminski was licensed to practice medicine in Illinois; that Petrick never engaged Kaminski's services but that he received a bill for services from Kaminski; that thereafter Petrick talked to Kaminski who admitted the bill was sent in error and told Petrick to forget the matter; that nevertheless on January 31, 1977, Kaminski sued Petrick; and that on March 16, 1977, the matter was dismissed when neither Kaminski nor his attorney appeared in court. The complaint recited that Petrick suffered shame and humiliation; and that his credit was impaired; that he lost work for several days; and that he had to employ counsel. Petrick stated malice was the gist of the action and sought damages. The record discloses that Petrick was served with summons.

■■ An action for the malicious prosecution of a civil suit without probable cause generally will not lie, where the process in the suit so prosecuted is by summons only and is not accompanied by the arrest of the person, the seizure of property, or other special injury to the defendant not necessarily resulting in all suits prosecuted to recover for like causes of action. (*Bonney v. King* (1903), 201 Ill. 47, 66 N.E. 377; *Ammons v. Jet Credit Sales, Inc.* (1962), 34 Ill. App. 2d 456, 181 N.E.2d 601.) In *Schwartz v. Schwartz* (1937), 366 Ill. 247, 8 N.E.2d 668, the court, at page 250, gave the reasoning for the foregoing principle of law: "that courts should be open to litigants for the settlement of their rights without fear of prosecution for calling upon the courts to determine such rights."

■ In the present case, Petrick has failed to allege any facts which take the matter out of the foregoing rule of law. It is undisputed that process in the suit was by summons only. Petrick does not allege in his complaint that any of his property was seized, and it is apparent that no such seizure occurred. Consequently, the only question remaining is whether the complaint pleads any "special injury" to Petrick. In *Caspers v. Chicago Real Estate Board* (1965), 58 Ill. App. 2d 113, 206 N.E.2d 787, this court, quoting from *Schwartz v. Schwartz*, discussed the special injury concept in language pertinent to the present case:

> "We believe the allegations of plaintiff's complaint fail to allege facts sufficient to show the necessary element of 'special injury.' The allegations of loss of business and mental suffering are conclusions. There are no allegations of 'special loss to him of any character, over and above the ordinary expense and trouble attendant upon the defense of an ordinary civil suit.' (*Schwartz v. Schwartz*, p. 252.) The annoyance and distress suffered by a person

of integrity and good reputation in defending what he believes to be an unjust action is found in most litigation, including suits to collect debts, in which category belongs the basic action against plaintiff's corporation. We conclude that plaintiff's complaint does not come within the class of cases in Illinois in which 'it was recognized that the circumstances there existing were not those of an ordinary civil suit,' and we hold that it does not state a cause of action for malicious prosecution. *Schwartz v. Schwartz,* p. 250." (58 Ill. App. 2d 113, 119-20, 206 N.E.2d 787.) Similarly here Petrick alleges no special injury or loss. His claims of shame and humiliation, of temporary lost wages, lost credit rating, and the expense of attorney's fees are either conclusions or matters attendant to the ordinary civil suit. Petrick's complaint did not state a cause of action in malicious prosecution, and the trial court correctly dismissed the complaint.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.