MICHAEL J. DAVIS, Plaintiff-Appellant, *v.* STEPHEN L. RUFF *et al.*,
Defendants-Appellees.

First District (2nd Division) No. 78-2158

Opinion filed April 15, 1980.

Wayne B. Giampietro, of Chicago (DeJong, Poltrock & Giampietro, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Dennis J. Horan, and George W. Spellmire, of counsel), for appellees Stephen L. Ruff and William S. Grotefeld.

Leonard M. Ring and Associates, of Chicago (Leonard M. Ring and Patricia T. Adelman, of counsel), for appellees Paul Houstrup and Marilyn Houstrup.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Michael J. Davis, M.D. (Davis), brought this malicious prosecution suit against defendants Marilyn and Paul Houstrup (the Houstrups) and their attorneys Stephen L. Ruff and William S. Grotefeld (Ruff & Grotefeld). Defendants moved for summary judgments claiming Davis failed to state a cause of action. The trial court granted defendants' motion. Davis appeals.

The salient issue before this court is whether Davis has alleged sufficient injury to satisfy the damage requirement for a malicious prosecution action.

The Houstrups, through their attorneys, Ruff & Grotefeld, sued Davis alleging medical negligence in his treatment of their daughter, Nina. Davis, an ophthamologist, had performed cosmetic surgery upon Nina to correct an outward deviation of her eyes known as extropia or "lazy eye." Nina subsequently began to complain of double vision and repeated visits

to Davis' office for treatment failed to alleviate that complaint. The resulting medical negligence action was, however, dismissed because the Houstrups failed to answer Davis' interrogatories regarding the name of their expert witness.

Almost one year after the dismissal of the Houstrups' suit, Davis filed this action for damages. The trial court found, as a matter of law, that the prior suit was brought with probable cause and without malice; that it was terminated on grounds other than its merits; and that Davis failed to allege sufficient injury to maintain a cognizable claim. The trial court then granted summary judgments for all defendants.

## I.

We address only Davis' claim that he has alleged facts sufficient to establish the element of special injury because resolution of that issue is dispositive of this appeal.

Davis claims the prior suit has caused him to suffer damage to his reputation; to suffer mental anguish; to spend time in his own defense; to pay increased medical malpractice insurance premiums; and to alter the manner in which he practices medicine.[1] He argues that these injuries are, or should be, sufficient to satisfy the element of damages in a claim for malicious prosecution. We disagree.

We recently reviewed the settled Illinois case law governing claims in the nature of malicious prosecution in *Stopka v. Lesser* (1980), 82 Ill. App. 3d 323, 402 N.E.2d 781. This court stated there that a claimant must allege, *inter alia*, special injury which arises from the malicious prosecution of a prior suit. "The element of special injury has been defined as that 'injury not necessarily resulting in any and all suits prosecuted to recover for like causes of action.' [Citation.] Thus, the appellate court has held special injury to be that injury 'beyond the anxiety, loss of time, attorney fees, and necessity for defending one's reputation, which are an unfortunate incident of many (if not most) lawsuits.' [Citation.]" 82 Ill. App. 3d 323, 325; see also *Bank of Lyons v. Schultz* (1980), 78 Ill. 2d 235, 239-40, 399 N.E.2d 1286; *Schwartz v. Schwartz* (1937), 366 Ill. 247, 250, 8 N.E.2d 668.

The injury alleged by Davis is no greater than the injury one may be expected to suffer as a result of modern malpractice litigation. In fact, the instant case presents circumstances which are void of the inequities found in *Stopka v. Lesser.* Thus, in the absence of a sufficient allegation of special injury, we believe the trial court correctly granted summary

---

[1] Davis claims he is more cautious now in selecting patients and generally restricts his surgery to operations having a high likelihood of success. Davis attributes this defensive alteration in his practice to the litigious nature of our society. Thus, it is not a proximate result of the Houstrups' prior suit.

judgments for all defendants. (See generally *Presto Manufacturing Co. v. Formetal Engineering Co.* (1977), 46 Ill. App. 3d 7, 10, 360 N.E.2d 510.) Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PERLIN, P. J., and STAMOS, J., concur.