ROY S. LASSWELL, Plaintiff-Appellant, *v.* STANTON L. EHRLICH *et al.*, Defendants-Appellees.

Second District No. 80-8

Opinion filed February 2, 1981.

Albert H. Beaver, of Sturgeon Bay, Wisconsin, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, and Robert Marc Chemers and Joseph B. Lederleitner, both of Pretzel, Stouffer, Nolan & Rooney, all of Chicago, and Wiley W. Edmondson, of Brady, McQueen, Martin, Callahan & Collins, of Elgin, and Ralph C. Putnam, Jr., of Alschuler, Putnam, McWethy, Funkey & Grometer, of Aurora, for appellees.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, attorney Roy S. Lasswell, appeals the dismissal by the Kane County circuit court of his amended two-count complaint for malicious prosecution by the defendants of a legal malpractice suit against him. Count I for malicious prosecution was directed toward Lasswell's former client, Elizabeth Schroeder. Count II for conspiracy to maliciously prosecute was directed toward the remaining defendants. The single issue presented on appeal is whether the prerequisite of a "special injury" allegation in an action for malicious prosecution applies when the underlying suit was one for legal malpractice. We affirm.

The facts are summarized as follows: Schroeder was involved in an accident and sustained personal injuries. She retained plaintiff, who settled her negligence claim against the driver of the automobile for $9,000. Thereafter, plaintiff investigated the possibility of liability under the Illinois Dramshop Act, but concluded in his professional opinion that Schroeder had no cause of action thereunder. Plaintiff advised her of his opinion in a letter, and advised her he would take no further action on her behalf, and that if she wished she could seek other counsel who still had approximately 60 days within which to file a suit under the Dramshop Act before the applicable statute of limitations expired. Schroeder sought the

assistance of defendant Broecker, who referred her to defendant Hoffenberg. Hoffenberg did not file an action for Schroeder under the Dramshop Act; instead, four months after that statute of limitations had expired, he filed a suit against plaintiff for legal malpractice alleging plaintiff negligently and carelessly failed to file a complaint at law under the Dramshop Act before the statute of limitations expired. Defendant Edgerton agreed with Hoffenberg to prosecute the malpractice suit against plaintiff, and defendant Quetsch, also an attorney, testified as an expert at the malpractice trial that plaintiff's conduct in refusing to file a dramshop action before the statute of limitations expired fell below the degree of care of the average practicing attorney. A verdict of not guilty was entered at the conclusion of the jury trial, and plaintiff instituted the instant action for malicious prosecution.

As set forth in *Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 150:

> "To sustain an action for malicious prosecution, the following elements must be alleged and proved; (1) the institution of civil proceedings by defendant; (2) termination of such proceedings in favor of plaintiff; (3) want of probable cause for the proceeding; (4) malice on part of defendant in bringing such proceedings; and (5) special injury to plaintiff as a result of such action. [Citation.] Within this context, 'special injury' generally means a deprivation of liberty or an interference with property. The usual expenses, annoyances and inconveniences that may be regarded as normally incident to a civil suit are regarded as insufficient to form the basis of a claim of special injury. [Citations.]"

The briefs submitted by the defendants argue various deficiencies of plaintiff's complaint as to one or more of these elements; however, the plaintiff's failure to allege his special injury was common to all the defendant's briefs and is characterized by the plaintiff as the primary issue. We agree, and our consideration herein is addressed only to that issue. The trial court did not state its reason for dismissing the complaint. Even if it had, the reason assigned for the dismissal is immaterial if its decision was correct. *Cady v. Hartford Fire Insurance Co.* (1965), 56 Ill. App. 2d 429.

Plaintiff argues the special injury allegation is not applicable in the instant case since a legal malpractice action is a suit which is itself "unusual in its effect upon the defendant." (*Norin v. Scheldt Manufacturing Co.* (1921), 297 Ill. 521.) Plaintiff distinguishes a legal malpractice action from "an ordinary civil suit" and concludes the rule denying a right of action for the malicious prosecution of an ordinary civil suit unless accompanied by an allegation of special injury does not apply. This general rule was stated in 1898 in the case of *Smith v. Michigan Buggy Company* (1898), 175 Ill. 619, 627:

"We are of the opinion, and so hold, that an action for the malicious prosecution of a civil suit without probable cause will not lie where the process in the suit so prosecuted is by summons only, and is not accompanied by arrest of the person, or seizure of the property, or other special injury not necessarily resulting in all suits prosecuted to recover for like causes of action."

In 1921, *Norin v. Scheldt Manufacturing Co.*, in considering whether an action would lie for malicious prosecution of a bankruptcy proceeding even though no property was taken and where there was no probable cause, determined that the general rule "should not be extended beyond ordinary civil suits, to embrace those suits which are themselves unusual in their effect upon the defendant." (297 Ill. 521, 527.) The *Norin* court noted: "Under an adjudication in bankruptcy all the property of the debtor becomes subject to the control of the court, so that the defendant in such proceeding is without power to dispose of his property or to engage in business in any way." 297 Ill. 521, 525.

The *Norin* court also remarked that a bankruptcy proceeding was not an ordinary civil suit since after the filing of a bankruptcy petition, all the property rights of the debtor are practically in abeyance until final adjudication. Clearly, although the *Norin* plaintiff's property had not been "seized" *per se*, his right to the free use of his own property was suspended during the pendency of the bankruptcy proceeding and, in that respect, the court considered such a proceeding was in itself unusual in its effect upon the defending party.

We do not agree with plaintiff's contention that a suit for legal malpractice is so unusual itself in its effect upon the defendant as to warrant dispensing with the requirement of a special injury allegation. We find ample support for our position in past cases which have dealt with the exact question presented herein, but which considered it in the context of medical malpractice suits. In essence, those cases held that the injuries alleged did not amount to the "special injury" contemplated as an element of an action for malicious prosecution. See, *e.g.*, *Davis v. Ruff* (1980), 83 Ill. App. 3d 651 (damage to reputation, mental anguish, time spent in defending suit, increased medical malpractice insurance premiums, need to alter manner of practicing medicine); *Stopka v. Lesser* (1980), 82 Ill. App. 3d 323 (damage to reputation, mental anguish, time spent in defending suit, increased medical malpractice insurance premiums); *Balthazar v. Dowling* (1978), 65 Ill. App. 3d 824 (loss of income, cost of transportation and telephone calls, increased medical malpractice insurance premiums, damage to professional reputation); *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940 (damage to reputation, mental anguish, time spent in defending suit, increased malpractice insurance premiums); *Pantone v. Demos* (1978), 59 Ill. App. 3d 328 (damage to reputation,

increased medical malpractice insurance premiums); *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815 (anxiety, loss of time, cost of attorney fees, necessity for defending reputation).

As pointed out in plaintiff's brief, Black's Law Dictionary 864 (5th ed. 1979) defines "malpractice" as:

> "Professional misconduct or unreasonable lack of skill. This term is usually applied to such conduct by doctors, lawyers, and accountants. Failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss or damage to the recipient of those services or to those entitled to rely upon them. It is any professional misconduct, unreasonable lack of skill or fidelity in professional or fiduciary duties, evil practice, or illegal or immoral conduct. [Citation.]"

As such, we perceive no distinguishing feature of legal malpractice suits which would make them susceptible to any unique or particular injuries over and above the types of injuries commonly incident to medical malpractice suits, which common injuries have been found wanting in the degree of "specialness" needed to maintain a suit for malicious prosecution. We are bound by these precedents relating to medical malpractice, not only because we find the reasoning therein to be persuasive, but because it is not within this court's authority to overrule our supreme court or to modify its decisions (*Stopka v. Lesser* (1980), 82 Ill. App. 3d 323, 326), which decisions still hold that an allegation of special injury "over and above the ordinary expense and trouble attendant upon the defense of an ordinary civil suit" is a necessary element of a right of action for malicious prosecution. *Bank of Lyons v. Schultz* (1980), 78 Ill. 2d 235, 240; *Schwartz v. Schwartz* (1937), 366 Ill. 247, 252.

For the reasons expressed above, the judgment of the circuit court of Kane County is affirmed.

Judgment affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.