GERMAN GONZALEZ, Plaintiff-Appellee, *v.* CHICAGO STEEL RULE DIE & FABRICATORS CO. *et al.*, Defendants-Appellants.

First District (5th Division)    No. 81-2697

Opinion filed May 14, 1982.—Rehearing denied June 18, 1982.

Malato & Stein, P. C., of Chicago (Stephen H. Malato and Robert S. Minetz, of counsel), for appellants.

S. M. Del Principe, of Chicago, for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

We granted defendants' application for leave to appeal under Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308) after the court denied their motion to dismiss Count II of plaintiff's amended complaint purporting to state a cause of action for malicious prosecution predicated upon a criminal proceeding.

Count II[1] alleged in substance that defendants falsely and maliciously filed a complaint with the State's Attorney that plaintiff had committed the crime of criminal trespass to land, and as a result he was arrested, brought to trial, and eventually found not guilty. As to damages, count II alleged generally that plaintiff was injured in his credit and reputation, was brought into public disgrace, incurred expense in defending himself, and was prevented from attending to his regular affairs and duties.

Defendants moved to dismiss count II on the basis that plaintiff failed to allege the necessary element of "special injury." The court, in denying the motion, found that special damages need not be alleged, and certified the following question for review: "Whether special damages are a necessary element of a malicious prosecution action predicated upon the institution of criminal proceedings."

In Illinois, a complaint in an action for malicious prosecution must allege facts showing " '(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff.' (*Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 475.)" (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45, 411 N.E.2d 229, 232.) However, in malicious prosecution actions based on civil proceedings, Illinois is among the minority following the "English rule" requiring a complainant to additionally allège and prove "special injury" (Annot., 35 A.L.R.3d 651, 653 (1971)), and in recent years the Illinois courts have consistently affirmed the special injury element in civil malicious prosecution actions (*Bank of Lyons v. Schultz* (1980), 78 Ill. 2d 235, 399 N.E.2d 1286; *Davis v. Ruff* (1980), 83 Ill. App. 3d 651, 404 N.E.2d 405; *Stopka v. Lesser* (1980), 82 Ill. App. 3d 323, 402 N.E.2d 781; *Savage v. Seed* (1980), 81 Ill. App. 3d 744, 401 N.E.2d 984; *Petrick v. Kaminski* (1979), 68 Ill. App. 3d 649, 386 N.E.2d 636; *Wiemer v. Havana National Bank* (1978), 67 Ill. App. 3d 824, 382 N.E.2d 1257; *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 381 N.E.2d 1367, *cert. denied* (1979), 444 U.S. 828, 62 L. Ed. 2d 36, 100 S. Ct. 53; *Pantone v. Demos* (1978), 59 Ill. App. 3d 328, 375 N.E.2d 480; *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 372 N.E.2d 685).

■■ Defendant, however, has cited no decisions holding that special injury is a necessary element in a criminal malicious prosecution suit, and we have found no Illinois case so holding. We note, however, that in Prosser, Torts sec. 119, at 849 (4th ed. 1971), it was stated that "certain kinds of damage necessarily follow from the wrongful prosecution [of a criminal proceeding] itself, and so will be assumed by the law to exist, and may be

---

[1] Count I of the 2-count complaint was dismissed, but it appears that no appeal has been taken therefrom.

recovered without special pleading[2] or proof" and that in *Krashes v. White* (1975), 275 Md. 549, 555, 341 A.2d 798, 801, the issue raised in the Maryland court of appeals was whether an arrest was an essential element of a criminal malicious prosecution suit. That court, after concluding that an arrest should be considered as "special injury" in a civil malicious prosecution suit, held that "[u]nlike a plaintiff in a malicious use of civil process suit, the plaintiff in a criminal malicious prosecution action need not prove any special damages, such as arrest or seizure of property." We are in accord with the view, as expressed above, that special injury is not an essential element in a criminal malicious prosecution action and, in light thereof, we find that the trial court did not err in denying defendant's motion to dismiss Count II on that basis.

Moreover, the discussion as to special injury in the Illinois decisions involving civil malicious prosecution equate it with an arrest or seizure of property. As stated in *Bank of Lyons v. Schultz* (1980), 78 Ill. 2d 235, 239, 399 N.E.2d 1286, 1288, plaintiff "must establish evidence of his arrest, the seizure of his property, or some other special injury which exceeds the usual expense and annoyance and inconvenience of defending a lawsuit." In *Smith v. Michigan Buggy Co.* (1898), 175 Ill. 619, 627, 51 N.E. 569, 571, it was stated that a civil malicious prosecution action would not lie unless "accompanied by arrest of the person, or seizure of the property, or other special injury not necessarily resulting in all suits prosecuted to recover for like causes of action." See also *Lasswell v. Ehrlich* (1981), 92 Ill. App. 3d 935, 416 N.E.2d 423; *Petrick v. Kaminski* (1979), 68 Ill. App. 3d 649, 386 N.E.2d 636; *Balthazar v. Dowling* (1978), 65 Ill. App. 3d 824, 382 N.E.2d 1257; *Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 351 N.E.2d 285; *Ammons v. Jet Credit Sales, Inc.* (1962), 34 Ill. App. 2d 456, 181 N.E.2d 601.

██ Thus, in the instant case, even assuming that special injury is an element in a criminal malicious prosecution suit, the allegation by plaintiff in count II that he was arrested and brought to trial sufficiently alleges special injury.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.

---

[2] As authority, Prosser cites *Luby v. Bennett* (1901), 111 Wis. 613, 87 N.W. 804; *Davis v. Seeley* (1894), 91 Iowa 583, 60 N.W. 183; *Barnes v. Culver* (1921), 192 Ky. 10, 232 S.W. 39; *Grorud v. Lossl* (1913), 48 Mont. 274, 136 P. 1069; and Restatement of Torts sec. 670 (1938).