LARRY VOGA, Plaintiff-Appellee, *v.* ALLAN E. NELSON, Defendant-Appellant.

Second District   No. 82—748

Opinion filed June 22, 1983.

Richard Schiller, of Goldsmith, Thelin, Schiller & Dixon, of Aurora, and Jerrold R. Beger, of Schirger, Beger & Ferguson, Ltd., of Rockford, for appellant.

Roy S. Lasswell, of Batavia, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Allan E. Nelson, appeals from a judgment entered against him and in favor of plaintiff, Larry Voga, after a jury trial, in the amount of $2,500 actual damages and $15,000 punitive damages. Defendant was found liable to plaintiff on a complaint for malicious prosecution based on a criminal complaint defendant had signed charging plaintiff with the offense of aggravated battery and from which plaintiff was discharged without further prosecution upon a finding of no probable cause at a preliminary hearing. Another suit brought by plaintiff alleging malicious prosecution based on defendant's filing of a separate battery complaint was joined for trial and was dismissed by the court prior to the jury's deliberations. This dismissal is not an issue in this appeal.

Defendant raises the following issues on appeal: (1) whether the award of punitive damages was contrary to law and contrary to the manifest weight of the evidence because plaintiff failed to present any evidence of "special injury"; (2) whether the award of actual damages was contrary to law and contrary to the manifest weight of the evidence because attorney fees are not recoverable as actual damages in a malicious prosecution case and plaintiff presented no evidence of actual damages apart from attorney fees; (3) whether the total damages awarded were contrary to law and contrary to the manifest weight of the evidence because punitive damages are not recoverable in the absence of proper actual damages; (4) whether the trial court erred in refusing defendant's tendered jury instruction on an affirmative defense and in failing to direct a verdict at the close of plaintiff's case; and (5) whether the court erred in barring defendant from introducing evidence of plaintiff's prosecution for aggravated battery and his incarceration for contempt of court after allowing plaintiff to introduce evidence of plaintiff's reputation and character.

Defendant is plaintiff's uncle. Prior to the filing of the criminal

charge that gave rise to this lawsuit, there apparently had been some friction between the parties concerning matters unrelated to the events involved in the case at bar.

The events leading to this case began on October 1, 1973, when defendant swore out a complaint charging plaintiff with the offense of aggravated battery. Plaintiff and defendant presented conflicting evidence at trial as to the occurrence that led to the filing of this complaint. Defendant's version of the occurrence was that he was driving a truck when he approached a tractor pulling a large bin. Defendant slowed down to pull around the oncoming tractor. At that time, plaintiff, who was driving the tractor, stopped it, jumped off, and as defendant drove by, threw a wrench through the open window of the truck, striking defendant on the arm.

Plaintiff's version of this occurrence was that defendant stopped his truck and told plaintiff to move the tractor and bin out of the roadway. Plaintiff testified that he exchanged words with defendant and that defendant then jumped out of the truck carrying a jack handle. Plaintiff stated that he then dove under the tractor; that he lost a wrench while doing this; and that defendant picked up the wrench, got back in his truck, and drove away.

Defendant went to the office of the State's Attorney of Kendall County later that day. He testified that the State's Attorney "advised me my rights [sic]" but did not advise him to file a complaint. Defendant stated that the State's Attorney advised him that he could file a complaint if he wanted to do so.

Dallas Ingemunson, the Kendall County State's Attorney, testified that he had a discussion with defendant about the incident with plaintiff. He made a determination that a crime had occurred if the story related by defendant was correct. Ingemunson stated that he directed that a complaint be prepared by his secretary based on the facts related to him by defendant and that he told defendant to read the complaint. He told defendant that if it was correct he should tell the same story to the judge and sign the complaint before the judge. Defendant did sign the complaint before a judge.

After the close of all the evidence the jury returned a verdict for plaintiff.

Defendant first argues that the judgment in favor of plaintiff was improper because plaintiff failed to present evidence of "special injury." Defendant maintains that proof of "special injury" is necessary for recovery in a malicious prosecution action.

■■ ■ In order to recover for malicious prosecution a plaintiff must prove: " '(1) the commencement or continuance of an original

criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff.' " (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45, 411 N.E.2d 229.) Where the malicious prosecution action is based on the wrongful bringing of a civil suit, the plaintiff must also establish evidence of his arrest, the seizure of his property, or some other special injury which exceeds the usual expense, annoyance, and inconvenience of defending a lawsuit. (*Bank of Lyons v. Schultz* (1980), 78 Ill. 2d 235, 239, 399 N.E.2d 1286; *Smith v. Aaron, Aaron, Schimberg & Hess* (1983), 112 Ill. App. 3d 653, 655, 445 N.E.2d 67.) However, if the malicious prosecution is based on the institution of criminal proceedings, no showing of special injury is required. (*Gonzalez v. Chicago Steel Rule Die & Fabricators Co.* (1982), 106 Ill. App. 3d 848, 850, 436 N.E.2d 603.) The instant case is a malicious prosecution action based on the institution of a criminal prosecution for aggravated battery. Thus, plaintiff was not required to present evidence of special injury.

Defendant cites *McCutcheon v. Moran* (1981), 99 Ill. App. 3d 421, 425 N.E.2d 1130, as supporting his claim that special injury must be shown in a malicious prosecution suit based on the institution of criminal proceedings. In *dicta*, the court in *McCutcheon* indicated that special injury must be alleged to support a malicious prosecution action based on the filing of a battery charge. (99 Ill. App. 3d 421, 426, 425 N.E.2d 1130.) However, the cases cited by the court in support of this proposition all dealt with underlying civil actions rather than criminal prosecutions. As stated above, the proper rule for malicious prosecution actions based on the institution of criminal proceedings is that no showing of special injury is required. *Gonzalez v. Chicago Steel Rule Die & Fabricators Co.* (1982), 106 Ill. App. 3d 848, 850, 436 N.E.2d 603.

■ Defendant also argues that attorney fees incurred in defense of the underlying action cannot be recovered as actual damages. While this may be the rule where the malicious prosecution suit is based on the wrongful bringing of a civil suit (*Stopka v. Lesser* (1980), 82 Ill. App. 3d 323, 325, 402 N.E.2d 781), attorney fees incurred in defending a criminal prosecution are recoverable where the malicious prosecution suit is based on the institution of those criminal proceedings. (*Krug v. Ward* (1875), 77 Ill. 603, 609; *Thieme v. MacArthur* (1936), 285 Ill. App. 242, 253, 1 N.E.2d 514; *Farris v. Messimore* (1920), 219 Ill. App. 582, 587; see *Gaszak v. Zayre of Illinois, Inc.* (1973), 16 Ill. App. 3d 50, 60, 305 N.E.2d 704; see also Prosser, Torts

sec. 119, at 850 (4th ed. 1971); Restatement (Second) of Torts sec. 671(b) (1977).) Thus, it was proper for plaintiff to introduce evidence that he incurred $2,500 in attorney fees in defending the criminal prosecution that had been instituted by defendant, and it would be proper for the jury to have considered these fees in awarding actual damages.

Defendant also contends that the award of punitive damages was improper since no allowable actual damages were proved by plaintiff. Since we hold that attorney fees reasonably incurred in defending an underlying criminal prosecution are properly considered in awarding actual damages, defendant's argument is without foundation and therefore need not be further addressed.

■ Defendant next argues that the trial court erred in refusing to give the following jury instruction tendered by him:

"A person who, in good faith, fairly submits facts to a prosecuting attorney and on his advise institutes criminal proceedings against another, has a complete defense to an action for malicious prosecution, although the person charged is ultimately found not guilty of the crime charged."

Defendant contends that this is an accurate statement of the law as set out in *Carbaugh v. Peat* (1963), 40 Ill. App. 2d 37, 48, 189 N.E.2d 14, and that therefore this instruction should have been given.

While advice by the State's Attorney to initiate a criminal prosecution after providing him true information has been held to be a defense to a malicious prosecution action (*Pratt v. Kilborn Motors, Inc.* (1977), 48 Ill. App. 3d 932, 934-35, 363 N.E.2d 452; *Carbaugh v. Peat* (1963), 40 Ill. App. 2d 37, 189 N.E.2d 14; *cf. Freides v. Sani-Mode Manufacturing Co.* (1965), 33 Ill. 2d 291, 296, 211 N.E.2d 286), the court did not err in refusing defendant's proposed instruction here since the record discloses that the State's Attorney did not advise defendant to initiate criminal proceedings against the plaintiff and defendant did not testify that he was advised to sign a complaint by the State's Attorney. Defendant seems to argue on appeal that he need not have been advised to initiate the criminal proceeding by the State's Attorney in order to have a complete defense to a malicious prosecution action, but must only have sought advice from him before initiating the proceedings. A fair reading of the cases cited by defendant does not support this argument. See *Pratt v. Kilborn Motors, Inc.* (1977), 48 Ill. App. 3d 932, 363 N.E.2d 452; *Carbaugh v. Peat* (1963), 40 Ill. App. 2d 37, 189 N.E.2d 14.

Defendant testified that the State's Attorney "advised me my rights, [*sic*] but he didn't advise me to sign a complaint." The record

does not indicate what these "rights" were, nor did defendant make an offer of proof as to what this phrase meant. Moreover, defendant did not testify that he signed the complaint in reliance on any advice the State's Attorney gave him. The State's Attorney's testimony indicates that he did not advise defendant to file the complaint. He only determined that if defendant's facts were true, a crime had occurred. He explained the filing procedure to defendant and assisted him by having a secretary type the complaint.

A jury instruction is properly refused where no evidence exists to support the theory of the instruction. (*Illinois State Trust Co. v. Walker Manufacturing Co.* (1979), 73 Ill. App. 3d 585, 591, 392 N.E.2d 70; *Foerster v. Illinois Bell Telephone Co.* (1974), 20 Ill. App. 3d 656, 664, 315 N.E.2d 63.) Thus, on the basis of the lack of evidence to support the instruction, the trial court properly refused to give it. We further note that the trial court did give an instruction on defendant's affirmative defense that he made a full and fair disclosure to the State's Attorney of all the true facts charged in the criminal proceeding. This instruction adequately informed the jury of an affirmative defense which, if believed by the jury, would negate an element of plaintiff's burden of proof that defendant lacked probable cause for commencement of the criminal prosecution.

Defendant also maintains that a directed verdict should have been entered in his favor based on his seeking advice from the prosecutor. Although a motion for a directed verdict does not appear in the record provided us, based on the foregoing, such a motion would have been properly denied.

■ Defendant's final contention is that the trial court erred in barring evidence that plaintiff had been previously prosecuted for aggravated assault and that he had once been found in contempt of court. Defendant contends that the trial court improperly allowed plaintiff to introduce evidence of specific acts to show plaintiff's good character while denying defendant the opportunity to rebut this evidence. Defendant has not challenged the propriety of character evidence in this civil case, and we therefore do not consider its admissibility. Defendant does contend that only reputation evidence, not evidence of specific acts, may be presented to show character.

The general rule in criminal cases is that where character evidence is proper, only reputation evidence and not evidence of personal opinion or specific acts is admissible. (*People v. Greeley* (1958), 14 Ill. 2d 428, 432, 152 N.E.2d 825; *People v. Stanton* (1953), 1 Ill. 2d 444, 445, 115 N.E.2d 630; *People v. Goodwin* (1981), 98 Ill. App. 3d 726, 730, 424 N.E.2d 425.) Initially, we point out that defendant failed to

object to the allegedly improper evidence and therefore, has waived this issue on appeal. (*Moore v. Farmers Insurance Exchange* (1982), 111 Ill. App. 3d 401, 411, 444 N.E.2d 220.) The record discloses that plaintiff's counsel asked plaintiff's father if he knew plaintiff's reputation for peaceableness. Defendant's objection to the question was overruled. Plaintiff's father then gave the unresponsive answer that "Larry was always a good boy." Defendant did not ask that this answer be stricken. Similarly, when plaintiff was asked whether he had been arrested since his arrest for aggravated battery and he responded "I've had some traffic incidents," defendant failed to object to the question or ask that the answer be stricken. Thus, this issue is waived on appeal. *Moore v. Farmers Insurance Exchange* (1982), 111 Ill. App. 3d 401, 411, 444 N.E.2d 220; *Brumley v. Federal Barge Lines, Inc.* (1979), 78 Ill. App. 3d 799, 806, 396 N.E.2d 1333.

Additionally, we deem the admission of this evidence not to be prejudicial even if its admission were held to be improper. Thus, any error in admitting it would be harmless. *Moore v. Farmers Insurance Exchange* (1982), 111 Ill. App. 3d 401, 414, 444 N.E.2d 220; *Svenson v. Miller Builders, Inc.* (1979), 74 Ill. App. 3d 75, 86, 392 N.E.2d 628.

■■ Defendant further contends that he should have been allowed to rebut this evidence presented by plaintiff with evidence of plaintiff's arrest for aggravated assault and his being held in contempt of court. A party may only introduce evidence that would ordinarily be improper to introduce, where the other party has opened up the issue, and the party seeking to introduce the otherwise improper evidence will be prejudiced unless he is allowed to introduce it. (*Martin v. Allstate Insurance Co.* (1981), 92 Ill. App. 3d 829, 832, 416 N.E.2d 347; *Herget National Bank v. Johnson* (1974), 21 Ill. App. 3d 1024, 1027, 316 N.E.2d 191.) Since we hold that the evidence introduced by plaintiff was not prejudicial, even if its admission were held to be improper, the trial court did not err in refusing the evidence defendant sought to introduce because defendant was not prejudiced by its exclusion.

For the foregoing reasons the judgment of the circuit court of Kendall County is affirmed.

Affirmed.

UNVERZAGT and NASH, JJ., concur.