**S.T. ANDERSON, Plaintiff,**

v.

**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, and Detective Michael Clancy, Star 14577, Defendants.**

**No. 83 C 0012.**

United States District Court, N.D. Illinois, E.D.

Jan. 10, 1984.

Daniel Galatzer, Daniel Galatzer, Ltd., Chicago, Ill., for plaintiff.

Paul K. Vickrey, Richard H. Ferri, Continental Bank Legal Div., Chicago, Ill., Robert W. Fioretti, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff S.T. Anderson ("Anderson") sued Continental Illinois National Bank and Trust Company ("Continental") and Detec-

874

tive Michael Clancy ("Clancy") for violation of his civil rights pursuant to 42 U.S.C. § 1983, malicious prosecution and false arrest. Presently before the Court are the parties' cross motions for summary judgment. For reasons set forth below, defendants' motion for summary judgment is granted. Anderson's motion for summary judgment is denied.

Anderson executed a lease agreement with Continental on September 2, 1981, under which he agreed to make monthly lease payments to Continental for the use of an automobile. In April, May and June of 1982, Continental attempted to reach Anderson concerning his failure to make monthly lease payments. Continental sent Anderson a mailgram on June 6, and a registered letter on June 18, demanding surrender of the automobile and warning that they would file theft charges if the vehicle were not returned. Continental received a lease payment in June. As of July 10, 1982, the total arrearage on the lease was $929.51. On July 15, 1982, an officer Williams visited Continental, pursuant to its request, to take a report concerning the automobile. Williams filled out a theft report, which was assigned to Detective Clancy.

On July 24, 1982, Clancy asked Anderson to come to a Chicago Police Department station. On that same date, a Continental employee signed a complaint charging Anderson with theft pursuant to Ill.Rev.Stat. ch. 38, § 16–1.1. After an Assistant States Attorney approved the charge, Anderson was arrested and jailed until the next day, when he secured a bond for his release. Continental subsequently repossessed the automobile and decided not to press charges against Anderson.

According to Ill.Rev.Stat. ch. 38 § 16–1.1, [i]t shall be prima facie evidence that a person "knowingly obtains or exerts unauthorized control over property of the owner" when a lessee of the personal property of another fails to return it to

the owner within 30 days after written demand from the owner for its return. A notice in writing, given after the expiration of the leasing agreement, addressed and mailed, by registered mail, to the lessee at the address given by him and shown on the leasing agreement shall constitute proper demand.[1]

Anderson argues that there was no probable cause or reasonable grounds for a felony theft arrest, claiming that § 16–1.1 applies only upon the "expiration" of a lease and not upon its "termination." Expiration, Anderson adds, can mean only the ending of a lease by the passage of time and does not encompass the failure to make lease payments. Clancy, moreover, according to Anderson, could not have acted in good faith, since he should have ascertained whether the lease in question had expired prior to arresting Anderson. Anderson also contends that Continental acted in concert with Clancy to effect Anderson's arrest and acted without good faith or probable cause.

According to the Supreme Court, an officer who arrests someone with probable cause cannot be liable for a false arrest simply because the innocence of the suspect is later established. *Pierson v. Ray*, 3866 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). A court must consider an officer's good faith as well as the existence of probable cause. *Scheuer v. Rhodes*, 416 U.S. 232, 245, 94 S.Ct. 1683, 1691, 40 L.Ed.2d 90 (1974); *Hartnett v. Schmit*, 501 F.Supp. 1024, 1026 (1980). The actual existence of probable cause, of course, is an absolute bar to a § 1983 action. *Lenard v. Argento*, 699 F.2d 874, 884 (7th Cir.1983); *Terket v. Lund*, 623 F.2d 29, 31 (7th Cir.1980).

In analyzing whether probable cause existed for an arrest, it is important to consider that

[t]he determination of probable cause does not rest upon a technical framework; instead it depends on the factual

1. The quoted portion in § 16–1.1 appears in Ill.Rev.Stat. ch. 38 § 16–1, which defines the offense of theft.

and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *Brinegar v. United States*, 338 U.S. 160, 175–176, 69 S.Ct. 1302, [1310–1311], 93 L.Ed. 1879 (1949). "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959); *Thornton v. Buchmann*, 392 F.2d 870, 872–73 (7th Cir.1968).

*Lenard v. Argento*, 699 F.2d at 884, citing *United States v. Ganter*, 436 F.2d 364, 368 (7th Cir.1970). And in deciding whether an officer acted in good faith, the Seventh Circuit has declared that

> [t]he test, thus, under § 1983 is not whether the arrest was constitutional or unconstitutional or whether it was made with or without probable cause, but whether the officer believed in good faith that the arrest was made with probable cause and whether that arrest was reasonable.
>
> \*   \*   \*   \*   \*   \*
>
> [T]o prevail the police officer need not allege and prove probable cause in the constitutional sense. The standard governing police conduct is composed of two elements, the first is subjective and the second is objective. Thus the officer must allege and prove not only that he believed, in good faith, that his conduct was lawful, but also that his belief was reasonable.

*Brubaker v. King*, 505 F.2d 534, 536–37 (7th Cir.1974) (citations omitted).

In the present case, Anderson, the lessee of the automobile, failed to return the automobile within thirty days of a proper demand for its return by Continental. Continental arranged for the preparation of a theft report, which was subsequently assigned to Clancy. The above facts known to Clancy would warrant a prudent person in believing that Anderson violated Ill.Rev.Stat. ch. 38 § 16–1.1, for every element of the statute was met. There existed probable cause for Anderson's arrest, and no § 1983 action will lie against Continental or Clancy.[2]

We additionally note that Clancy's affidavit, as well as the facts of this case, indicate that he believed in good faith that his conduct was lawful. He arrested Anderson pursuant to a complaint signed by a Continental employee which had been approved by an Assistant States Attorney. This belief, moreover, was reasonable, since all elements of a violation of § 16–1.1 were present. Continental cannot be liable to Anderson, moreover, since the mere filing of a complaint with the police does not constitute action by Continental under color of state law. *Johnson v. First National Bank of Chicago*, 680 F.2d 39, 40 (7th Cir.1982). Accordingly, neither defendant is liable to Anderson under § 1983.

Because probable cause for Anderson's arrest existed, he cannot prevail on his claim of malicious prosecution. *Gonzalez v. Chicago Steel Rule Die & Fabricators Co.*, 106 Ill.App.3d 848, 849, 62 Ill.Dec. 577, 578, 436 N.E.2d 603, 604

---

**2.** Anderson asserts that § 16–1.1 does not set forth all elements of theft under § 16–1. A review of the latter section, however, indicates that § 16–1 is worded disjunctively, and that a person need only "knowingly obtain or exert unauthorized control over property of the owner" to commit theft. Acceptance by Continental of a lease payment in June, moreover, does not constitute waiver of Anderson's default. *Soltwisch v. Blum*, 9 Ill.App.3d 760, 762, 292 N.E.2d 742, 749 (1973). Finally, while there might be a distinction in Illinois law between "expiration" and "termination" of a lease, *Stuart v. Hamilton*, 66 Ill. 253, 254 (1872); *but see, Hartwig Transit, Inc. v. Menolascino*, 113 Ill.App.3d 165, 170, 68 Ill.Dec. 796, 800, 446 N.E.2d 1193, 1197 (1983), we do not believe that Clancy can be expected to know whether there is a difference between these two terms, particularly since any such difference cannot be considered settled or well established. As the Seventh Circuit has declared, police officers are expected to have some knowledge of the law, but "[t]he law does not expect police officers to be sophisticated, constitutional or criminal lawyers...." *Foster v. Zeeko*, 540 F.2d 1310, 1314–15 (7th Cir.1976), citing *Glasson v. City of Louisville*, 518 F.2d 899, 910 (6th Cir.1975), *cert. denied*, 423 U.S. 930, 96 S.Ct. 280, 46 L.Ed.2d 258 (1975).

# 876

(1982). Continental, moreover, cannot be liable for false arrest, since simply providing information to the police will not establish participation in an arrest. *Odorizzi v. A.O. Smith Corp.*, 452 F.2d 229, 232 (7th Cir.1971). And the existence of probable cause bars a false arrest suit against Clancy. *Id.* at 231.

Accordingly, defendants' motion for summary judgment is granted; plaintiff's motion for summary judgment is denied. It is so ordered.